## ROBBINS *v.* BENSON.

VERIFICATION.—If parties intend to insist upon a strict compliance with a
technical requirement, they must not remain silent when it is their
duty to speak.

IDEM.—A party failing to object to the verification of an account within a
reasonable time, should not afterwards be heard in opposing it.

APPEAL from Union County.

*W. M. Ramsey,* for appellant.

*J. J. Balleray,* for respondent.

By the Court, THAYER, J.:

This appeal is from a judgment of the circuit court for
the county of Union, rendered in an action commenced by
the appellants against the respondents, to recover for goods
sold and delivered by the former to Mark A. Benson, the
husband of the respondent, Cordelia A. Benson. The ap-
pellants alleged in their complaint that Mrs. Benson was
liable under the act of 1878, defining the rights and fixing
the liability of married women. The only question upon
the appeal is as to whether the appellants had the right to
give evidence upon the trial of their claim sued upon.

The husband filed no answer in the case, but the wife in-
terposed a defense. It appears that about the 21st day of

February, 1884, and after the action had been commenced, the attorney for Mrs. Benson demanded, in writing, from the appellants, an itemized account of the demand sued upon, and that in compliance therewith, the appellants prepared and delivered to said respondent, about the 8th day of March, 1884, a copy of the said account, verified by one of the appellants, to the effect that it was a true and correct copy of the said account. The case came on for trial before the said court at the May term, 1884. Upon the trial, the appellants called a witness and undertook to prove by him the correctness of their account; whereupon, the counsel for the respondent objected to any proof being given concerning it, upon the grounds that the copy furnished was not properly verified. The court sustained the objection, and excluded the evidence, and the appellants' counsel excepted to the ruling. The appellants, in consequence of the ruling, were not able to give any evidence of their claim and were therefore nonsuited, on motion of the respondent's counsel. The ruling of the court against the admission of the evidence is assigned as error.

We are of opinion that the verification to the account was not strictly in accordance with the requirements of the statute upon the subject; that it should have been that the *account* was true; but we are of the opinion, also, that the said respondent had no right, under the circumstances of the case, to raise the question. The account had evidently been furnished in good faith; it had been received and kept by the respondent for more than a month without objection; the defect in the verification was but slight, and practically unimportant, and the respondent must be deemed to have waived it. The copy was furnished in accordance with the demand, and if the respondent desired to have it

properly verified, she should have notified the appellants of the fact. She had no right to accept it as a compliance with the requirements of the statute, and, when the trial came on, object to it for the first time. (*Hull* v. *Ball, et al.*, 16 How. Pr. 305; *Dennison* v. *Smith*, 1 Cal., 437.) If a party in such a case intends to insist upon a strict compliance with a technical requirement, they must not remain silent when it is their duty to speak, as they might thereby mislead another party to their injury; good faith required the respondent to make her objection to the verification of the account in this case within a reasonable time after it was delivered to her, so that the appellants would have had an opportunity to correct the defect, but having failed to do so her objection afterwards should not have been heard.

The judgment is therefore reversed, and the case remanded for a new trial.