## BUE vs. KETCHUM.

*January 17—February 8, 1881.*

PLEADING. *(1) Complaint sufficient on objection to evidence.*
BILL OF EXCEPTIONS: *(2) Necessary for review of rulings upon evidence.*

1. Complaint that defendant is indebted to plaintiff in a specified sum for work done by the latter for the former at his request and for his benefit, between two specified dates; and that, since that sum became due, defendant, though often requested, has neglected and still neglects and refuses to pay it. There was no other averment as to any contract between the parties, or as to the value of the work. Defendant's answer merely set up a counterclaim, and he did not demand a bill of particulars. *Held,* that there was no error in admitting evidence for the plaintiff, notwithstanding an objection thereto for insufficiency of the complaint.

2. Assignments of error based upon the evidence cannot be considered without a bill of exceptions.

Bue vs. Ketchum.

APPEAL from the Circuit Court for *Portage* County.

The complaint contains two counts. The first is upon a note dated June 2, 1874, for $308.74, with interest. The second alleges that the defendant is justly indebted to the plaintiff in the sum of $406.50, besides interest thereon from March 8, 1876, the same being for work and labor done and performed by the plaintiff for the defendant at his request and for his benefit, *said work and labor having been done and performed, as aforesaid*, on and between June 2, 1874, and July 30, 1875; and that, since it became due and payable, the defendant had often been requested to pay the same, but had neglected and refused and still neglects and refuses so to do, and is now indebted to the plaintiff on account thereof in the sum of $406.50, principal, and interest thereon from March 8, 1876. Judgment is demanded accordingly. The defendant, by answer, admitted his liability on the note, and that the plaintiff worked for him, but claimed that he held certain money, goods, wares and merchandise in his hands to be used in and about the defendant's business, but had not fully accounted for the same, but wrongfully withheld them from the defendant. The jury found for the plaintiff, and assessed his damages at $931.47; and judgment was entered accordingly; from which the defendant appealed.

The cause was submitted on a brief signed by *Patchin & Weed* as attorneys, with *G. W. Cate*, of counsel, for the appellant, and that of *Webb & Cochran* for the respondent.

CASSODAY, J. There is no bill of exceptions, and the only question therefore is, whether the judgment is sustained by the record.

The first error assigned is, that the second count does not state facts sufficient to constitute a cause of action, and that therefore no evidence should have been admitted to establish the same. But we are of the opinion that it does; and, if it were otherwise, yet we are clearly of the opinion that such an

objection, taken for the first time at the trial, was properly overruled. If the defendant desired to have the complaint made more definite and certain in that respect, he should have made his motion therefor. Our reasons for such opinion are fully expressed in the opinion filed herewith in *Redmon v. The Phœnix Fire Ins. Co., ante*, p. 292. But since it was on an account for work and labor, the defendant could, if he desired, have demanded a bill of particulars, under section 2672, R. S.; and possibly this was his only remedy.

The second error assigned is based upon the evidence; and as there is no bill of exceptions, it is not here for consideration.

*By the Court.*— The judgment of the circuit court is affirmed.