DUFFY, Respondent, vs. HICKEY, Appellant.

*April 29 — June 1, 1885.*

*Evidence: Settlement of accounts: Admission.*

Where under the pleadings all the items of the accounts between the parties are open for investigation, evidence of a settlement is admissible as an admission by one party of the amount then due, but is not conclusive.

APPEAL from the County Court of *Fond du Lac* County. The case is thus stated by Mr. Justice CASSODAY:

"The complaint alleges that defendant is indebted to the plaintiff for work, labor, services, goods, wares, merchandise, cash, and farm products, done, performed, sold, and delivered to the defendant during 1879, 1880, and 1881, at defendant's request, amounting in all to $309.85, for which judgment was demanded. The defendant's answer, besides denials, counterclaimed a similar indebtedness against the plaintiff, amounting in all to $315.19, against which it conceded the plaintiff had an offset of $175.48, among the matters alleged in his complaint, and prayed judgment upon his counterclaim of a balance of $139.71. At the close of the trial, the jury returned a verdict for the plaintiff of $225. Thereupon the defendant moved the court, upon the records, the minutes of the court, and exceptions taken, to set aside the verdict and for a new trial, which was denied. Thereupon judgment in favor of the plaintiff was entered upon the verdict, and thereafter the defendant moved to set aside the verdict and judgment entered thereon, and for a new trial, upon affidavits served, which motion was denied. From that judgment and those orders the defendant appeals to this court."

*De W. C. Priest*, for the appellant.

For the respondent there was a brief by *F. F. Duffy*, attorney, and *J. H. McCrory*, of counsel, and oral argument by *Mr. Duffy*.

CASSODAY, J. Against the objection and exception on the part of the defendant, the plaintiff was allowed to testify upon the trial, in effect, that at the close of the second year he met the defendant and his son for settlement; that the plaintiff gave the defendant's son some paper; that each party gave to the son the several items claimed against the other, and that the son took them down on the paper and

struck the balance; and that it was found on such settlement that the balance due the plaintiff from the defendant was $175.48; and that the plaintiff then handed the son a book, in which the son, in the presence of the defendant, made this entry: "*P. C. Duffy's* account with *Andrew Hickey.* Due *P. C. Duffy*, $175.48." The action was not based upon the alleged settlement. No reference is made to any settlement in the complaint or answer. It is claimed, however, that the evidence was admissible as an admission on the part of the defendant. This is undoubtedly true; but, as a mere admission, it cannot be regarded as conclusive. Under the pleadings, all the items claimed on both sides were open for investigation. This being so, it is claimed that the following portion of the charge to the jury in relation to the meeting was misleading: "It is not denied by the defendant that the meeting of the parties took place, or that his son made the memorandum in the book as stated by this plaintiff; but the defendant testifies that the statement made was only of the items of the plaintiff's account against the defendant, and did not include the items or any of them of defendant's account against the plaintiff; and the defendant also denies promising to pay plaintiff this sum, which promise is testified to by plaintiff." Then follows this charge: "If you believe the *plaintiff stated truly, then he ought to recover* the $175.48, *at least, and your verdict should be for the plaintiff for at least that sum.*"

Under this charge, if the jury believed that "the plaintiff stated truly," then they were bound to find "for the plaintiff for at least that sum," even though, as a matter of fact, they were convinced from the evidence that the true balance was much less, or even the other way. In other words, the jury were told, in effect, that the alleged admission, if made, was conclusive upon the defendant, regardless of the state of the accounts, or the true balance at the time.

The real issue was as to the true balance between the parties at the end of the third year. The court presented to the jury, as the issue, whether the defendant made the alleged admission at the end of the second year, and then told them, in effect, that if he did, it was conclusive upon him. Besides, the use of the words "at least," in the portion of the charge quoted, was a pretty strong intimation that although the alleged settlement was conclusive upon the defendant, yet it was not binding upon the plaintiff. This portion of the charge, under the pleadings, was clearly a misdirection.

*By the Court.*—The judgment of the county court is reversed, and the cause is remanded for a new trial.