BARNEY, Respondent, vs. THE CITY OF HARTFORD, Appellant.

*November 14 — December 4, 1888.*

PLEADING. *(1) Injury from defective sidewalk: Description of defect. (2, 3) Motion to make definite and certain: Bill of particulars: Appeal.*

1. In an action for injuries sustained by reason of a defective sidewalk, a general allegation that the walk was defective or out of repair at the place named, or at most briefly stating in what the defect consisted, is sufficient without describing the defect in detail.

2. A complaint may be sufficiently definite and certain as to the nature and amount of damages without stating all that the defendant would be entitled to have stated in a bill of particulars.

3. The real object of a motion was to have a complaint made more definite and certain, but it also asked that the plaintiff be required to furnish a bill of particulars as to his loss. It being held that the complaint was sufficiently definite and certain, an order denying the motion is affirmed without prejudice to the right to ask for a bill of particulars.

APPEAL from the Circuit Court for *Washington* County.

Action to recover damages for injuries alleged to have been sustained by reason of a defective sidewalk in one of the public streets of the defendant city.

The complaint alleges (folios 6–9 of the printed case) that the sidewalk at a certain place was out of repair and defective in this, to wit: " That said sidewalk, at and about the place above specified, consisted of several wooden planks or boards which were laid lengthwise east and west, and adjoining boards laid north and south; that said boards or planks running east and west were laid upon wooden sleepers or stringers, one at each end thereof, and one near the middle thereof; that the inside board or plank, the board there nearest the fence along said walk on the south side thereof, was not nailed or fastened to any of said

stringers, except insecurely at the middle of said board, but was loose at the ends; that said board or plank was so short that it did not rest, as to its ends, upon the stringers or sleepers, and was in nowise fastened at the ends, and that said board was several inches from the ground; that when one of the ends of said board was stepped upon the other end was lifted up several inches from the adjoining boards and from those running at right angles thereto on the east end thereof, leaving a dangerous space and trap in said walk; that said board was also warped, and said ends thereof were somewhat above the level of the adjoining boards; that said board was easily displaced; that the said stringers or sleepers laid to support said board were old, rotten, unsubstantial, and insufficient, and would not hold nails or spikes, and that said board was decayed at its ends,— which defects and insufficiencies were of such a degree that said sidewalk at said place was unfit, unsafe, and dangerous to travel and step upon by persons using due care."

The complaint further alleges that the plaintiff, while walking along the sidewalk at the place in question, without knowledge of the danger and without negligence on his part, "was caught by his right foot and ankle, and was tripped by said board at said defective part of said walk, to wit, the east end of said particular plank or board, while said board and portion of said walk were in such condition, and while the end of said board was raised and sprung from the adjoining boards unbeknown to the plaintiff, and was thereby thrown and his said foot and ankle and leg were severely wrenched and bruised, and his said ankle severely sprained," etc.

The complaint further alleges that by reason of said fall and injuries the plaintiff was made dangerously sick, sore, lamed, and crippled, and was confined to his bed for several months, being deprived entirely of the use of his right

leg, and suffering great pain, and that he is still unable to walk except with the aid of crutches, and will for a long time be so unable; that he was compelled to and did incur a large expense in attempting to be cured of said injuries, and still will be subjected to expense in properly treating the same; that at the time of the accident he was enjoying a large, lucrative, and profitable business as a dentist; that by reason of said fall and injuries he was for more than three months entirely unable to be at his place of business or give it any attention whatever, and he is now, and will be for a long time, unable to attend properly to his usual and necessary business, and that he has sustained, and will continue to sustain, great pecuniary loss thereby; that he has been obliged at great expense to hire help to aid him in his business, so that the same would not be totally destroyed, and that he will still be obliged to hire such help for a long time to come. It is further alleged that the plaintiff's ankle joint has been permanently injured.

The defendant obtained an order that the plaintiff show cause why the complaint "should not be made more definite and certain by stating particularly the amount paid out and expended by said plaintiff in attempting to be cured of his injuries, and by stating for what particular thing, service, or object the said expense was incurred, and by also stating particularly the amounts and elements of his alleged pecuniary loss to his business, and by also stating the amount actually paid out by him for help to aid him in his said business, and the nature and kind of said help, and to whom the same was paid; and why he should not be required to furnish the defendant a bill of particulars thereof; and why said complaint should not also be made definite as to the particular condition of said walk which caused the alleged injury, and how and in what manner the alleged defect caused said injury."

Upon the hearing of the order to show cause the court

denied the motion, and from the order entered accordingly the defendant appealed.

*H. W. Sawyer*, for the appellant.

*H. K. Butterfield*, for the respondent.

COLE, C. J.   The complaint in this case, as a pleading, may be obnoxious to the objection of being unnecessarily prolix, but there is surely no ground for saying that it is not definite and certain in describing the defect in the walk which caused the injury.   In folios 6, 7, 8, and 9 of the complaint the condition of the sidewalk is minutely described, and it is stated in what the defect or insufficiency consisted.   It was unnecessary to go into so much detail in describing the defect.   A general allegation that the walk was defective and out of repair at the place named, or at most stating briefly in what the defect consisted, would have been sufficient.   A party is not required to set forth the evidence in his pleading, but to give a concise statement of the facts which constitute the cause of action, without unnecessary repetition.   This is the requirement of the statute.   Sec. 2646, R. S.   The act of negligence complained of was, of course, the failure of the defendant city to keep the sidewalk in a reasonably safe and proper condition for persons walking over it.   It is certainly true that the defendant was entitled to be informed as to what negligence it was claimed produced the injury, and it was so informed with great particularity.   It is not necessary to quote the allegations of the complaint which describe the condition of the walk and its defects.   An examination of them will suffice to show that they are sufficiently definite and certain in that regard.

But it is said the complaint is uncertain as to the nature or amount of damages, or pecuniary loss in his business, which the plaintiff sustained by his injury; but upon that point the complaint is not open to any objection.   The

defendant might have obtained a bill of particulars as to these items of damages, or might have examined the plaintiff about them, if it had desired to do so. It is true, in the rule to show cause it is asked, among other things, that the plaintiff show cause why he should not furnish a bill of particulars as to his loss; yet this seems to have been a very subordinate part of the relief demanded by the rule. The real object of the rule seems to have been to have the complaint made more definite and certain as to the defects and condition of the sidewalk, and that it should state with more particularity the amount paid out and expended by the plaintiff in attempting to be cured of his injuries, and the service or object for which such expense was incurred; also in stating the items of his pecuniary loss. As we have said, we think the complaint was sufficiently definite and certain upon all these points; but, had the defendant simply asked for a bill of particulars, the court would doubtless have ordered the plaintiff to furnish it. Under the circumstances, we think the rule to show cause was properly discharged.

*By the Court.*— The order of the circuit court is affirmed, without prejudice to the defendant's right to ask for a bill of particulars if it is deemed necessary for the defense. The cause is remanded to the circuit court for further proceedings according to law.