84  639
s91  571

Conover and others, Respondents, vs. Knight, Appellant.

*March 23 — April 11, 1893.*

*Pleading: Counterclaim: Bill of particulars.*

In an action by architects to recover for services in making plans and superintending the erection of a building, defendant counterclaimed damages by reason of breaches of duty and mistakes on the part of

the plaintiffs. The counterclaims being expressed in general terms, the trial court properly required defendant to furnish a bill of particulars specifying the breaches of duty and mistakes complained of, with itemized statement of the expenses for labor and materials to which he had been subjected by reason thereof; but, it being alleged in the complaint and admitted in one of the counterclaims that the cost of the building was a certain sum, defendant should not have been required to furnish "a detailed statement of the cost of the building."

APPEAL from the Circuit Court for *Ashland* County. It is alleged in the complaint that the plaintiffs are architects by profession, and partners in that business, and were employed by defendant in 1889, as such, and rendered him services in framing and drawing plans and making estimates for, and superintending the erection in the city of Ashland of, a building for defendant, known as "Knight's Block." This action is to recover an unpaid balance of the contract price for such services, and also to recover *quantum meruit* for certain other services of like character on the same building, not included in such contract.

The defendant answered, alleging as defenses numerous failures by plaintiffs to perform the contract, and mistakes on their part, greatly to his damage. The answer also contains counterclaims for damages for such failures and breaches of duty by the plaintiffs, and for such mistakes. The plaintiffs thereupon demanded a bill of particulars of defendant's counterclaims, and one was furnished accordingly. None of the charges were itemized, and, although many of them were based upon errors and insufficiencies in the plans, the same were not specifically stated. The averments in the counterclaims were still more general. On the *ex parte* application of plaintiffs the circuit judge made an order requiring the defendant to furnish a further bill of particulars, specifying with more particularity such alleged failures of duty and the expense occasioned thereby, and such errors, and itemizing the labor and material and

the cost thereof required to correct the same. The order also required defendant to furnish a "detailed statement of the actual cost of the building."

Afterwards the defendant moved the court to modify such order by striking therefrom the requirement that he further specify and itemize such alleged failures of duty and errors of the plaintiffs, and also the requirement that he furnish such detailed statement of the cost of the building. At the same time plaintiffs moved the court to strike out defendant's counterclaims because of noncompliance with the order to furnish a further bill of particulars. On these motions the court made the following order: "ORDERED, that the said motion of the defendant be denied, and that the motion of the plaintiffs be granted unless the defendant's attorneys shall serve upon the plaintiffs' attorneys, within ten days of the service of this order upon the defendant's attorneys, an amended bill of particulars in accordance with the order of this court made the 6th day of August, 1892, and pay the plaintiffs' attorneys ten dollars costs." From this order defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel, and *Dockery & Kingston*, attorneys, and oral argument by *E. P. Vilas*. They contended, *inter alia*, that the order requiring a further bill of particulars transcended the discretion of the court and extended the office of a bill of particulars to a motion for a more definite and certain statement of the allegations of the pleading, the requirement of which was waived by reply.

For the respondents there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*. To the point that the bill of particulars was properly ordered, they cited R. S. sec. 2672; *Tilton v. Beecher*, 59 N. Y. 176; *People ex rel. Gay v. Monroe C. P.* 3 Wend. 200; *Cunningham v. M. S. & F. C. R. Co.* 3 N. Y. Supp. 98; *O'Hara*

*v. Ehrich,* 11 id. 52; *Murray v. Maybie,* 8 id. 289; *Jackman v. Lord,* 9 id. 200; *Smith v. Molleson,* 18 id. 558; *Loewenthal v. Phila. R. W.* id. 523.

LYON, C. J.   In his counterclaims the defendant alleges in general terms failure by plaintiffs to furnish detailed plans, specifications, and drawings for, and to superintend the erection of, his building, and serious errors in the rough drawings furnished by plaintiffs which were used in the commencement of the construction of the building.   It is pleaded as a defense in the answer that the plaintiffs' estimates of the cost of the building were grossly erroneous, and that it actually cost twice the estimated sum; but this averment is not found in either counterclaim, and hence is of no importance on this appeal.

We are not disposed to draw any nice distinction between the functions of an order for a bill of particulars and an order requiring a pleading to be made more definite and certain, for we think such distinction has no tangible existence in reason or law.   These counterclaims are expressed in terms as general as are the common money counts under the common-law practice, and a proper bill of particulars necessarily operates to make them more definite and certain. When, as here, the claim covers and includes numerous propositions of fact, which are asserted in the most general terms, a motion for a bill of particulars is, in substance and legal effect, necessarily a motion to make the pleading more definite and certain.

The defendant does not object to furnishing plaintiffs with itemized statements of the expense for labor and materials to which he has been subjected because of their breaches of duty and mistakes.   We perceive no valid reason why he should not at the same time particularize the breaches of duty and mistakes complained of.   This is what the order of the circuit court requires him to do.   Thus far the order appealed from seems unobjectionable.

The order further requires defendant to furnish plaintiffs a detailed statement of the actual cost of the building. The complaint alleges, and it is admitted in one of the counterclaims, that the cost of the building was $120,000. No view of the case is suggested to our minds which renders it essential to plaintiffs' defense against the counterclaims that they should have any such detailed statement. Whatever amount the cost of the building was increased by plaintiffs' failure of duty and inexcusable mistakes is probably the measure of defendant's damages on his counterclaims, and the elements or particulars of such increased cost will be sufficiently itemized in the further bill of particulars the defendant is required to furnish, without a "detailed statement of the cost of the building."

We conclude that, instead of denying the defendant's motion to modify the order for a further bill of particulars, the circuit court should have granted it in so far as it asked the court to relieve the defendant from the above requirement, and should have affirmed the residue of such order, but without costs of motion to either party.

*By the Court.*— The portion of the order of the circuit court which in effect requires "a detailed statement of the actual cost of the building" to be furnished plaintiffs, and that portion which imposes $10 costs upon the defendant, are reversed, and the residue of the order is affirmed. The circuit court will give the defendant a reasonable time in which to furnish such further bill of particulars in accordance with this opinion. No costs are allowed to either party, except the appellant must pay clerk's fees.