Hanson vs. Anderson.

---

HANSON, Respondent, vs. ANDERSON, Appellant.

*April 3 — April 23, 1895.*

*Pleading: Definiteness: Negligence: Personal injuries: Bill of particulars.*

90 195
103 336
90 195
59 LRA 274n

1. A complaint alleging in substance that defendant negligently drove his horses at great speed along a highway and came up behind plaintiff's vehicle and negligently ran into it, is *held* sufficiently definite as to defendant's negligence.

2. Allegations that by reason of defendant's negligence plaintiff was thrown from his carriage to the ground, and his arm, shoulder,

and back were seriously and permanently injured, and his body otherwise bruised and injured, from which injuries he became sick, sore, maimed, and disordered, and suffered great pain, etc., though not as exact as they might be made, were sufficiently definite as to the injuries.

3. To obtain an itemized statement of the damages, defendant should demand a bill of particulars.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is an appeal from an order denying a motion to require the complaint to be made more definite and certain. The complaint alleges that the plaintiff owned a horse and carriage, and was riding with the same on the 11th of October, 1893, upon the highway, with due care, and that defendant was at the same time passing along said highway in a carriage drawn by two horses which he was driving; "that the defendant then and there carelessly and negligently drove and managed his said horses and vehicle at great speed along said highway behind the plaintiff's vehicle and horse, and that by reason of his negligence, and without fault or negligence of the above-named plaintiff, said defendant's vehicle and horses struck plaintiff's vehicle with great force and violence; that, by reason of such negligent act of said defendant, plaintiff was thrown from his carriage to the ground with great force and violence, and that, in consequence thereof, the arm, shoulder, and back of the said plaintiff were seriously and permanently injured, and his body otherwise bruised and injured, from which injuries he became sick, sore, maimed, and disordered, and suffered great pain and distress, and was for a long time confined to his bed and prevented from attending to his business, that of a farmer; that, in consequence of such injuries, he was compelled to employ physicians and nurses, and purchase medicines; that, by reason of the aforesaid negligent and wrongful act of the defendant, the carriage of the plaintiff was damaged and injured by the breaking of an axle, thill,

and wheel, in consequence of the above collision, and from the further fact that plaintiff's horse became frightened through the negligence of the defendant, and ran away, the plaintiff being placed in such situation by reason of the negligence of the defendant that he had no control over said animal, and plaintiff was put to expense for repairs upon said carriage; that in consequence of the actions of the said horse of plaintiff, through the negligence of the defendant, the harness on said horse was torn, putting plaintiff to expense for repairs; that, by reason and in consequence of all the facts, circumstances, and acts above named, plaintiff has suffered damages to the amount of fifteen hundred dollars, for which amount, and the costs and disbursements of this action, judgment is demanded in favor of said plaintiff and against said defendant."

The defendant moved for an order requiring the plaintiff to make the complaint more definite and certain, by stating therein: "(1) Wherein it is claimed the defendant was careless or negligent, and how such alleged negligence caused the injuries set forth in the complaint. (2) What negligent acts of the defendant, if any, are relied upon? (3) What negligent failures to act on the part of the defendant, if any, are relied upon? (4) What serious and permanent injury did the plaintiff suffer to his arm, shoulder, and back? (5) In what manner was the plaintiff maimed and disordered? (6) What length of time was the plaintiff confined to his bed? (7) For how long a time was the plaintiff prevented from attending to his business? (8) What expense did the plaintiff incur in the employment of physicians, nurses, and the purchase of medicines? (9) What expense did the plaintiff incur for the repairs of his carriage? (10) What expense did the plaintiff incur for the repair of his harness?" From an order denying the motion defendant appealed.

For the appellant there was a brief by *Luse & Wait,* and oral argument by *L. K. Luse.* They cited *Barney v. Hart-*

Hanson vs. Anderson.

*ford,* 73 Wis. 95; *Delie v. C. & N. W. R. Co.* 51 id. 400; *Young v. Lynch,* 66 id. 514; *Schneider v. Wis. Cent. Co.* 81 id. 356; *McQuade v. C. & N. W. R. Co.* 68 id. 616; *Cahill v. Layton,* 57 id. 615; *Palmer v. Hawes,* 73 id. 50; *Cincinnati, I., St. L. & C. R. Co. v. Gaines,* 104 Ind. 526; *Ayers v. C. & N. W. R. Co.* 58 Wis. 537; Bliss, Code Pl. § 211*a.*

For the respondent there was a brief by *J. M. Clancey, Erling K. Loverud,* and *Charles E. Whelan,* and oral argument by *Mr. Whelan.* They cited Bliss, Code Pl. § 211; *Carey v. C. & N. W. R. Co.* 67 Wis. 608; Maxwell, Pl. & Pr. (4th ed.), 137; *Kessler v. Leeds,* 51 Ind. 212; *Ohio & M. R. Co. v. Selby,* 47 Ind. 471; Black, Proof & Pl. in Acc. Cas. 201; *Johnson v. St. P. & D. R. Co.* 31 Minn. 283; *Mack v. St. L., K. C. & N. R. Co.* 77 Mo. 232; *Oldfield v. N. Y. & H. R. R. Co.* 14 N. Y. 310; *Burdick v. Worrall,* 4 Barb. 596; *Reardon v. N. Y. Consolidated Card Co.* 50 N. Y. Super. Ct. 514; *Jackman v. Lord,* 56 Hun, 192; *Grinde v. M. & St. P. R. Co.* 42 Iowa, 376; *Young v. Lynch,* 66 Wis. 514; *Agnew v. Brooklyn C. R. Co.* 5 N. Y. Supp. 756.

WINSLOW, J. This motion does not seem to us to possess substantial merit. While the complaint may not be a model of pleading, it tells a plain story, which, under the circumstances, we think is sufficiently definite. It charges, in substance, that the defendant drove his team at a great rate of speed along the highway, and came up behind the plaintiff's vehicle and negligently ran into it. It could hardly be expected that the plaintiff, when run into from the rear, would know or be able to state what specific negligent act was done by the defendant, other than his driving at a high rate of speed; and we think the allegation entirely sufficient. All the injuries which the plaintiff suffered as a result of the collision are quite plainly charged to have been caused by the negligent act of the defendant in running into the

plaintiff's vehicle. The allegations of injuries to the person, though not as exact as they might be made, are, we think, sufficiently definite. It is hardly necessary to specify every muscle that ached and every nerve that throbbed. If the defendant desired an itemized statement of the damages he could have demanded a bill of particulars. *Barney v. Hartford*, 73 Wis. 95.

*By the Court.*— Order affirmed.