Argued March 1, decided March 21, 1911.

## STOCKLEN v. BARRETT.

[114 Pac. 108.]

PLEADING—BILL OF PARTICULARS.

1. A demand for a bill of particulars rests on the same principles as a motion to make a pleading more definite and certain, and a party will not be required to be more definite in regard to matters concerning which he has no further knowledge.

PLEADING—BILL OF PARTICULARS—DISCRETION OF COURT.

2. Where plaintiff sued for a certain sum as the reasonable value of goods sold, and in response for an itemized statement of account furnished a statement showing the sum in question "due for meat and groceries," there was a part compliance ; and whether plaintiff should be required to furnish a further bill was in the discretion of the court.

JUSTICES OF THE PEACE—PLEADING—BILL OF PARTICULARS—SUFFI-
CIENCY.

3. In an action before a justice of the peace to recover a certain sum alleged to be the reasonable value of merchandise sold to defendant, he demanded an itemized statement of the account, and plaintiff furnished a statement showing the amount in question due for meat and groceries, with an affidavit attached to the effect that an itemized account had been furnished, and that plaintiff could not furnish an itemized account because his books had been destroyed by fire, and on appeal defendant objected to any evidence by plaintiff concerning his account, on the ground of his failure to furnish an itemized statement. The testimony was admitted subject to objection, and thereafter a nonsuit was granted after striking out plaintiff's testimony. *Held* error, as, where a party shows it an impossibility for him to make a more specific statement, he will not be punished by having his evidence excluded.

EVIDENCE—ADMISSIONS—AMOUNT DUE.

4. Where, in an action for goods sold, it appeared that plaintiff could not furnish an itemized account because of the destruction of his books, testimony that defendant had admitted the sum sued for to be due was not inadmissible, though it tended to prove an account stated; it being admissible as an admission by defendant of the justice of plaintiff's claim.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by Ed. R. Stocklen, doing business as the Yale Market & Grocery Company, against M. E. Barrett and wife. The facts are as follows:

Stocklen, who is a dealer in groceries and meat, brought an action in the justice's court to recover from defendants the sum of $55.25, which he alleged to be the reasonable value of goods, wares, and merchandise sold by him to defendants. Before the trial, the defendants demanded an itemized statement of the account, and in response thereto plaintiff furnished the following:

Portland, Oregon, Feby. 6, 1909.
Mr. M. E. Barrett and Wife, Dr.
            Amt. forward _____
Jan. 1, 1907.   Balance due for meat and groceries
            on this date _____ $55.25

To this was attached an affidavit, stating in effect, that it was impossible for him to furnish an itemized account, as his books had been destroyed by fire, and that defendants had had an itemized account furnished them before

the commencement of the action.   Defendants thereupon moved the court to require plaintiff to make the statement more definite, which was denied.   On the trial plaintiff had judgment, from which defendant appealed to the circuit court.   Upon the appeal a jury was waived and defendants objected to any evidence by plaintiff concerning his account, on the ground of his failure to furnish an itemized statement thereof.   The court admitted the testimony, subject to the objection.   Plaintiff was also admitted to testify over objection that defendants had promised to pay the account and that a statement had been sent them, to which they had not objected. Plaintiff also testified that he sold the goods to defendants, made out sale slips, and knew that the prices charged were reasonable.   On the conclusion of plaintiff's testimony, defendants moved for a nonsuit on the ground that there was no testimony to support plaintiff's claim, and later the court struck out plaintiff's testimony, and granted a nonsuit.                              Reversed.

For appellant there was a brief and an oral argument by *Mr. H. W. Strong.*

For respondent there was a brief over the names of *Mr. John Van Zante* and *Messrs. Westbrook & Westbrook* with an oral argument by *Mr. Van Zante.*

Mr. Justice McBride delivered the opinion of the court.

1. We think the court below erred in striking out or refusing to consider the testimony offered on behalf of plaintiff.   The demand for a bill of particulars rests upon the same principles as a motion to make a pleading more definite and certain: *Conover* v. *Knight,* 84 Wis. 639 (54 N. W. 1002).   In motions of that character a court will not require a party to be more definite in regard to matters concerning which he has no further knowledge: *Cederson* v. *Oregon Nav. Co.,* 38 Or. 343, 358 (62 Pac. 637: 63 Pac. 763).

2. In the case at bar the bill furnished was more definite than the complaint, in that it showed the character of goods furnished which the complaint wholly failed to show. There was not an entire failure to comply, but a part compliance, and whether plaintiff should be required to furnish a further bill rested in the sound discretion of the court.

3. It would be a reproach upon the law and a sacrifice of justice to procedure if a party should be wholly debarred from giving evidence of his claim merely because through the misfortune of fire the particular items that went to make up the total had been destroyed. The better opinion is that, where a party shows that it is an impossibility for him to make a more specific statement, he will not be punished for a failure to comply with the demand by having his evidence excluded: *Rossman* v. *Bock,* 97 Mich. 430 (56 N. W. 777) ; *Mosheim* v. *Pawn* (City Ct.) 18 N. Y. Supp. 166; *Wheelock* v. *Barney,* 27 Ind. 462.

4. It was claimed by defendants, and apparently held by the court, that evidence on behalf of plaintiff that defendant M. E. Barrett had admitted that the balance due was $55.25 was incompetent. While it is true that the evidence offered tended to prove an account stated, it was also admissible in this action for goods sold as an admission by defendants of the justice of plaintiff's demand: *Duffy* v. *Hickey,* 63 Wis. 312 (23 N. W. 707) ; *Bonnell* v. *Mawha,* 37 N. J. Law 198; *Theus & Marbury* v. *Jipson,* 3 Willson, Civ. Cas. Ct. App. § 189.

Some claim is made by defendants' counsel that the judgment entry shows that the court not only granted a nonsuit, but passed upon the merits of the testimony as well. But, while the record is not as clear on this subject as might be wished, we construe it to show that the court finally excluded all the testimony of plaintiff

on the ground of his failure to furnish a bill of items, and thereupon granted a nonsuit.

The judgment will be reversed and the cause remanded, with instructions to grant a new trial.          Reversed.