Submitted on briefs January 3, reversed February 21, 1922.

## JETMORE *v.* ANDERSON

(204 Pac. 499.)

**Justices of the Peace—Judgment Held not Unappealable as on the Pleadings.**

1. Judgment for plaintiff, as on a default, for the full amount of his claim of $150 for service, on failure of defendant to comply with an order to make more definite and certain, is not "for want of answer," from which, under Section 2455, Or. L., appeal will not lie from a justice; the motion to make more definite and certain being directed only to the further and separate answer, alleging payment for the service, except the sum of $25 admitted due; and there being in addition a general denial of the gist of the complaint, except the rendition of certain services; and this leaving a material issue, so that in the absence of proof there could not be a judgment for more than $25 for want of an answer.

**Judgment—Judgment on the Pleadings Limited to Amount Admitted by Answer.**

2. Where to a complaint for $150 there is a general denial and an admission of $25 due, judgment on the pleadings, under Section 79, Or. L., can be for only $25.

**Pleading—Penalty for Disobeying Order to Make More Definite and Certain Stated.**

3. For failure to comply with an order to make more definite and certain a further and separate answer, alleging payment for the services sued for, except the sum of $25 admitted due, there should be nothing more drastic than refusal to allow the party to give evidence in support of the defective allegations, the penalty allowed by Section 84, Or. L., for failure to comply with a demand for the items of an account pleaded.

**Justices of the Peace—Precision in Pleading not Required.**

4. Section 2464, Or. L., providing for amendment of pleadings on appeal from a justice, indicates that it is not contemplated that the same precision in pleading will be observed in a Justice's Court as in a court of record.

From Lake: J. M. BATCHELDER, Judge.

In Banc.

Defendant appeals from a judgment of the Circuit Court dismissing an appeal by defendant from a judgment of the Justice's Court in favor of plaintiff as for want of an answer.

Plaintiff alleged in his complaint in effect, that he is an attorney; and that defendant is indebted to plaintiff in the sum of $150, an account for services of plaintiff as attorney of defendant, rendered between certain dates, at the special instance and request of defendant, for which defendant promised and agreed to pay plaintiff, no part of which has been paid.

Defendant filed an answer admitting that plaintiff is an attorney and that as such he performed certain services for defendant at his request, "but denies that defendant agreed to pay to plaintiff for said services the sum of $150 or any other sum at all; denies each and every other allegation of the complaint except as herein specially admitted."

For a further and separate answer to plaintiff's complaint defendant alleges in effect the performance of the services as alleged "without any agreement or promise as to what the price should be, and that defendant has paid plaintiff in full for said services except the sum of $25 which defendant admits is due plaintiff," and for which plaintiff offered judgment with costs to that time..

Plaintiff, quoting the separate answer, moved the Justice's Court to require defendant to make allegations thereof more definite and certain, by stating the amount of money that he had paid plaintiff. The motion was allowed and the order granted on December 15, 1920. Thereafter by order of the court January 21, 1921, was fixed as the time for compli-

ance with the order to make more definite. On January 22, 1921, no further pleading having been filed by defendant, the justice on motion of plaintiff entered a default and judgment for $150 against defendant. Counsel for defendant who had an office near, was not present and had no notice of the entry of default. On January 24, 1921, defendant filed a motion to set aside the judgment for the reason that there were issues in the case which had not been tried; and that according to the understanding with plaintiff by letter the case could be set for trial any day during that month. The motion was supported by affidavit of defendant's attorney, showing that defendant resided about 200 miles from the justice's office; that the attorney had by mail endeavored to comply with the order but had been unable to get an answer from defendant; and that defendant desired all the time to try the case on the issues made. No action was taken on the motion. Defendant appealed to the Circuit Court, where plaintiff moved to dismiss the appeal for the reason that the same was from a judgment for want of an answer and therefore not appealable. The court granted the motion and dismissed the appeal. Defendant appeals to this court.                     Reversed.

For appellant there was a brief over the name of *Mr. O. M. Corkins.*

For respondent, *Mr. S. A. Jetmore* appeared *in pro. per.*

BEAN, J.—1. The plaintiff's complaint does not allege that defendant promised to pay plaintiff any specified sum for the alleged services and contains no allegation of the reasonable value of the same. The agreement of defendant to pay is denied by the

answer, which consists of a general denial of the gist of the complaint except as to the rendition of certain services. The motion to make more definite and certain is directed to the further and separate answer. This left the denials of the answer intact and raised a material issue. Neither the main answer nor the further and separate answer were stricken out for failure of defendant to plead the items of payment. In the absence of proof plaintiff was not entitled to a judgment for more than $25 as for want of an answer. An answer having been filed in the Justice's Court and not demurred to or disposed of in any way, the judgment from which an appeal was taken to the Circuit Court was not one "for want of an answer" within the meaning of Section 2455, Or. L.

2. Referring to the further and separate answer, as a general rule, the failure of a party to comply with an order of court to make a defective pleading more definite and certain in particular respects, may be a cause for striking the pleading from the files, or the court may preclude evidence upon the trial in support of the defective allegations: 6 Ency. Pl. & Prac. 279, and note 10. In *Hughes* v. *Chicago etc. R. Co.*, 45 N. Y. Super. Ct. Rep. 114, it was held that, if after striking out the uncertain allegations of an answer, other issues would remain to be tried, an order giving the plaintiff the right to apply for judgment unless defendant amended was erroneous. An appeal from such an order was allowed. The case involved over a million dollars. The judgment of the Justice's Court in the case at bar on the pleadings, when a material issue was tendered thereby, was improper: 31 Cyc. 608; *Pacific Mill Co.* v. *Inman*, 50 Or. 22 (90 Pac. 1099); *Willis* v. *Holmes*, 28 Or. 265 (42 Pac. 989). The only judgment to which plaintiff

was entitled, as appears from the pleadings, was for the sum of $25: Section 79, Or. L.; 31 Cyc. 613. Mere lack of definiteness of a statement of facts in an answer will not warrant a judgment for plaintiff: 31 Cyc. 615.

3. The motion to make the answer in this case more definite corresponds to, and rests upon, the same principles as a demand for an itemized statement of account or bill of particulars which would have answered all purposes of the case. Where a party refuses to specify the items of an account, the court will refuse to allow him to give evidence thereof: Section 84, Or. L.; *Stocklen* v. *Barrett,* 58 Or. 281, 283 (114 Pac. 108). No more drastic rule should have been applied in the present case.

4. It may well be doubted if the separate answer of defendant is so "indefinite or uncertain that the precise nature of the defense is not apparent." Section 86, Or. L. Plaintiff does not state in his motion that such is the fact. Neither the complaint nor answer is perfect. The provisions of Section 2464, Or. L., for the amendment of the pleadings on an appeal from a Justice's Court indicate that the law does not contemplate that the same precision in pleading will be observed in a Justice's Court as in a court of record. The cause should have been tried upon the issues made, and the amount due plaintiff from defendant determined. Plaintiff cites and relies upon the case of *Long* v. *Sharp,* 5 Or. 439. In that case a portion of the answer was stricken, and a demurrer to the remaining part was sustained. Nothing remained of the answer, and the plaintiff was entitled to a default. The case is not in point here.

The judgment of the Circuit Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.