FREDERICK REICHWEIN *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

AUGUST 3, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.    This is an action of trespass on the case for negligence and is before us on the plaintiff's bill of exceptions, in which the only exception stated is to a decision of a justice of the superior court sustaining the defendant's demurrer to the plaintiff's declaration.

In that declaration of only one count the plaintiff alleges, in substance, that while he in the exercise of due care for his own safety was riding "as a guest passenger" in an automobile, which was being driven in a generally westerly direction on Point street in the city of Providence, and over the operation of which he had no control, he received personal injuries in a collision between that automobile and a trackless trolley car being operated in an easterly direction on the same street by a servant of the defendant corporation in the course of his employment, who was intending to make a left turn from that street into Hospital street.

The plaintiff also alleges, in substance, that it was the duty of the defendant, by and through its servant, to use reasonable care in the operation, guidance and control of this car, so that it would not run into the automobile in which the plaintiff was riding; but that the defendant, by this servant, did negligently operate, guide and control this car so that it ran with great force against the automobile in which the plaintiff was riding, and in consequence of the collision he was severely injured. There is no further specification of the defendant's negligence, nor any statement of the plaintiff's inability to give such further specification. The sole ground of the defendant's demurrer is that "it does not appear in what respect the defendant was negligent." The

plaintiff, in alleging in such general terms negligence by the defendant, is following the rule stated and applied by this court in *Parker* v. *Providence & Stonington S. Co.*, 17 R. I. 376, (1891), as being applicable in public highway collision cases.

In that case the allegations as to negligence by the defendant were, in substance, that the defendant corporation, being a common carrier of merchandise, was as such, by its agents and servants, operating its steamboat on Narragansett Bay, a public highway, and by its agents and servants so negligently and carelessly managed and navigated·that steamboat that it was negligently and carelessly run upon a schooner in which the plaintiff's testator was crossing said Narragansett Bay in the exercise of reasonable care, and thereby caused said schooner to sink and the plaintiff's testator to lose his life by drowning. There was no further specification of negligence on the part of the defendant.

In overruling the defendant's demurrer to the declaration in that case, which was an action of trespass on the case, this court said at the beginning of its opinion: "The court is of opinion that the declaration sufficiently states a cause of action, by setting forth that the defendant's servants so negligently and carelessly managed and navigated its steamer that it ran upon and sank the vessel of the plaintiff's testator. This is the usual form of charging negligence in cases of highway collisions. The essential facts with reference to negligence are, *first,* plaintiff's right to the highway; *second,* in the exercise of due care; and *third* defendant's interference with plaintiff's right by running into him."

The authorities cited by counsel for the plaintiff in the instant case as to the proper rule, at common law, for charging negligence by the defendant in a highway collision case, and other authorities which we have found by investigation, all seem clearly to support the rule thus stated and applied in the *Parker* case. They hold it to be applicable to any action on the case in which the plaintiff claims that while riding, in the exercise of due care, in a vehicle on a public

highway, whether driven by himself or another, he has been injured because the defendant, personally or by his servant, has negligently driven another vehicle on that highway into the former vehicle.

Thus in 2 Chitty, Pleading (16th Am. ed.) 574, a proper form of declaration in such action is set forth as follows:

"1. *Against the Owner of a Carriage for negligent driving*: For that the defendant (by his servant) so negligently drove his horse and carriage, that the same struck against the carriage and horse of the plaintiff, whereby the plaintiff was hurt and prevented from following his business, and incurred expense in endeavoring to be cured, and the carriage and horse of the plaintiff were damaged, and he incurred expense in repairing the said carriage, and in curing the said horse, and was obliged to hire another carriage and horse."

The negligent conduct of the defendant in a standard form of declaration for a case of a collision between two vehicles moving on the same highway, where the plaintiff claims that his vehicle was run into by the defendant's vehicle, is thus set forth in 13 Enc. of Forms, Pl. and Pr. 70, as follows: ". . . nevertheless the said defendant, then and there by his said servant, so carelessly and improperly drove, governed, and directed the said wagon and mules, that, by and through the carelessness, negligence, and improper conduct of the said defendant, by his servant in that behalf, the wagon of the said defendant, drawn by the said mules, then and there ran and struck with great violence against one of the said horses of the plaintiff, and against the said wagon of the plaintiff, and the tongue or pole of the said wagon of the defendant. . . ."

See also Oliver, Precedents (5th ed.) 277, for a standard form of declaration at common law in an action on the case, in which the defendants are alleged, in substance, to have so carelessly driven and operated their train of cars and locomotive along a public street that their locomotive struck with great force against and destroyed the plaintiff's horse-

drawn vehicle moving along the same street, and the alleged negligent conduct of the defendant is not more particularly set forth. See also Stephen, Pleading (2d ed. Andrews) 175; *Stevens* v. *Kelley,* 66 Conn. 570; *Hanson* v. *Anderson,* 90 Wis. 195; *Chicago City Ry. Co.* v. *Jennings,* 157 Ill. 274, in which is cited, *inter alia,* 8 Wentworth, Pleadings (1798) 397.

With the possible exception of the *Ferra* case, to be discussed *infra,* no case has been called to our attention nor have we found any or any textbook in which a rule, as applicable to declarations in highway collision cases, is laid down contrary to that above set forth as approved by the text writers on the subject of pleading at common law in actions of trespass on the case.

Counsel for the defendant in the instant case rely on the opinion of this court in *Wilson* v. *N. Y., N. H. & H. R. R. Co.,* 18 R. I. 491, as being *contra* to the doctrine laid down in the *Parker* case. The *Wilson* case involved a collision between a train, being operated by the defendant corporation over its own tracks on its own private right of way, and a sleigh which was being driven along a public road and across the defendant's track and in which the plaintiff was riding.

This court held that the first count of the declaration was demurrable because it charged negligence by the defendant without setting forth in particular any act or omission of the defendant constituting negligence. In doing so it stated this as the general rule: "It is not enough to show that the defendant has been guilty of negligence without showing in what respect he was negligent and how he became bound to use care to prevent injury to others." But it added: "The rule is not without exceptions" and cited the *Parker* case as an example of one of the exceptions. It then concluded as follows: "But we do not find that these exceptions embrace the case of a collision at a crossing between a railroad train and a traveller on a highway." From the language above quoted from the opinion in the *Wilson* case, it seems clear to us that this court then recognized the correctness of the doctrine laid down in the *Parker* case.

The defendant in the instant case relies on *Kelly* v. *Davis*, 48 R. I. 94, and *Bennett* v. *Connery & Co., Inc.*, 48 R. I. 350, as supporting its contention as to the requirement that in an action on the case for negligence the plaintiff must set forth the defendant's negligent conduct with particularity. But neither of those cases was a case of a collision on a public highway or resembled such a case in any way, and in the opinion in the latter of them this court referred to the opinion in the *Parker* case in a way which indicated approval of the rule therein stated and applied.

The defendant also relies on certain language quoted from the opinion of this court in *Edmands* v. *Olson*, 64 R. I. 39, at 45. But that only pointed out the distinction between the extreme terseness and brevity which are sufficient in a declaration in an action of *trespass* for personal injuries resulting from the direct use of force by the defendant and the greater particularity required in an action of *trespass on the case* for negligence. In that case there was no reason for pointing out the difference, in the degree of particularity required, between cases of collisions on public highways and other actions of trespass on the case for personal injuries from negligence.

But the main reliance of the defendant is on certain language used by this court in the majority opinion in *Ferra* v. *United Electric Rys. Co.*, 52 R. I. 7. In that case it was stated, in substance, in the declaration, that the plaintiff, while riding upon a truck, to the rear of the driver, was injured in a collision between that truck, as it was moving along one street, and a trolley car, owned by the defendant and operated by its servant, in the course of his employment, and moving along an intersecting street.

A demurrer was filed to that declaration on the ground that it was not stated therein in what respect the defendant's servant was negligent in operating the trolley car. That demurrer was overruled and an exception to that decision was taken by the defendant. When the pleadings had been closed, the case was tried and a verdict was returned for the

plaintiff. Later the case came before this court on the defendant's bill of exceptions, in which the exception to the overruling of the demurrer was the sixtieth.

In its opinion this court first discussed the evidence at length and found that it created issues of fact for the jury; and that the defendant's exception to the refusal of the trial justice to grant its motion for the direction of a verdict in its favor should be overruled. It then discussed, at considerable length, and sustained three exceptions by the defendant, two of them being to the refusal of the trial justice to give to the jury two instructions requested by the defendant and the third being to the giving of a certain instruction favorable to the plaintiff. The court then said at page 13: "As there must be a new trial of the case for errors in the charge and refusal to charge as requested, it is unnecessary to consider the other exceptions for alleged errors occurring during the trial or the exception to the denial of defendant's motion for a new trial."

The court then called attention to the sixtieth exception, to the decision of the superior court overruling the demurrer to the declaration, and said that under a certain section of the general laws "this exception would not be open to revision as it does not appear that the verdict was erroneously affected thereby." It then added: "But as there is to be a new trial of the case for the reasons already given we deem it proper to consider this exception as this is the first time defendant has had an opportunity to present it." These statements should be kept in mind in considering the effect to be given to the language of the court in discussing that exception.

It did not discuss the special rule laid down and followed in the *Parker* case, *supra,* as to the statement of the defendant's negligence in a declaration in a public highway collision case, as distinguished from the rule applicable to other actions of trespass on the case for negligently causing injury or damage to a plaintiff. Nor did it discuss or refer to any

of the authorities supporting that special rule, none of them having been called to its attention in the plaintiff's brief.

By reason of the language of the opinion with regard to the sixtieth exception, we have serious doubt that the court intended its ruling thereon to be used as a precedent in testing the sufficiency of the allegations of negligence in a declaration in actions of trespass on the case for injuries sustained in collisions on public highways. In particular we seriously doubt that it intended to hold that the special common-law rule for such cases, which was recognized and applied in the *Parker* case, *supra,* should no longer apply in this state. If it did so intend, we are of the opinion that this holding should be overruled.

We therefore, upon careful consideration, are convinced that the rule approved in the textbooks and cases above cited, and which was applied by this court in the *Parker* case in this state, is the correct rule to be applied in the instant case; and that, therefore, the defendant's demurrer to the plaintiff's declaration should have been overruled by the trial justice.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Philip B. Goldberg, Leo M. Goldberg,* for plaintiff.
*Earl A. Sweeney, Frank J. McGee,* for defendant.