Midwest Broadcasting Company, Respondent, vs.
Dolero Hotel Company, Appellant.

*September 14—October 9, 1956.*

For the appellant there was a brief and oral argument by *E. H. Snyder* of Milwaukee.

For the respondent there was a brief by *Ray T. McCann* and oral argument by *Richard A. McDermott,* both of Milwaukee.

MARTIN, J.   It is alleged in the complaint that on February 18, 1952, plaintiff leased from the defendant certain premises of the Towne Hotel in Milwaukee for the purpose of conducting a radio and television broadcasting station and studios; that from April 20, 1954, to January 31, 1955, the defendant, by its agents, servants, and employees, pursued a course of conduct which rendered it impossible for plaintiff

to use the premises for the purposes for which they were leased; and that plaintiff was compelled to abandon the premises, sustaining substantial losses. The action was commenced December 20, 1955.

On defendant's motion for a bill of particulars the trial court ordered plaintiff to supply an itemized list and description of each item of damages making up plaintiff's claim. In all other respects it denied the motion. Defendant contends this was an abuse of discretion.

Sec. 263.32, Stats., provides:

"It is not necessary for a party to plead the items of an account but he shall deliver to the adverse party, within ten days after a demand therefor in writing, a copy of the account verified by his oath or that of his agent or attorney, that he believes it to be true, or be precluded from giving evidence thereof. The court, or a judge thereof, may order a further account and may in all cases on notice order a bill of particulars of the claim of either party to be furnished."

Defendant argues:

"The 'claim' of the plaintiff, in essence, is that the defendant, through its anonymous agents, servants, and employees, constructively evicted the plaintiff from the leased premises. The demand for a bill of particulars calls for those items of fact, detail, and information which constitute the particulars of the plaintiff's claim."

To sustain its position counsel quotes the statute as follows:

"The court, or a judge thereof, . . . may *in all cases* on notice order a bill of particulars of the claim of either party to be furnished."

Defendant's quotation of the statute is erroneous and misleading. The word "account" used three times in the section, but deleted from the defendant's quotation, clearly indicates that the *claim* to be particularized is that which may be stated on an account. And as pointed out by the trial court, the

scope of the statute has been limited in its application to situations where the information sought in the bill of particulars bears a reasonably close relation to the damages claimed.

"If the defendant desired an itemized statement of the damages he could have demanded a bill of particulars." *Hanson v. Anderson* (1895), 90 Wis. 195, 199, 62 N. W. 1055.

"The defendant might have obtained a bill of particulars as to these items of damages, or might have examined the plaintiff about them, if it had desired to do so." *Barney v. Hartford* (1888), 73 Wis. 95, 98, 40 N. W. 581.

"But since it was on an account for work and labor, the defendant could, if he desired, have demanded a bill of particulars." *Bue v. Ketchum* (1881), 51 Wis. 324, 326, 8 N. W. 231.

Defendant relies on language used in *Conover v. Knight* (1893), 84 Wis. 639, 642, 54 N. W. 1002:

"When, as here, the claim covers and includes numerous propositions of fact, which are asserted in the most general terms, a motion for a bill of particulars is, in substance and legal effect, necessarily a motion to make the pleading more definite and certain.

"The defendant does not object to furnishing plaintiffs with itemized statements of the expense for labor and materials to which he has been subjected because of their breaches of duty and mistakes. We perceive no valid reason why he should not at the same time particularize the breaches of duty and mistakes complained of."

That was an action by architects to recover for services to the defendant, in which defendant counterclaimed for damages by reason of breaches of duty and mistakes on the part of the plaintiffs. The trial court was upheld in its view that a bill of particulars should be furnished specifying the breaches of duty and mistakes complained of with an itemized statement of the expenses to which defendant had been subjected by reason thereof. In that case the allegations of the

counterclaim were not only directly related to the items of expense claimed, but they were expressed in such general terms as to present a situation where the bill of particulars would necessarily amount to making the pleading more definite and certain. It cannot be said, however, that the *Conover Case* changed the rule that a motion for a bill of particulars and a motion to make more definite and certain serve separate and distinct purposes. See *Barney v. Hartford* and *Hanson v. Anderson, supra.*

The circumstances here are very different from those in the *Conover Case.* The complaint sets forth in considerable detail the plaintiff's allegations of improper conduct on the part of defendant's agents. It would be ridiculous to say that the names of the agents and their "manner" of conduct, the precise times of day or night, the location of elevators, air conditioners, washrooms, and the like, bear any relation to plaintiff's damages or that those items may be stated on an account such as sec. 263.32, Stats., contemplates.

Almost all the demands made by the defendant relate to matters which are either within its own knowledge or to matters which go to the proof of plaintiff's cause of action on constructive eviction. It would serve no purpose to discuss in detail the more than 50 items contained in the demand for a bill of particulars. However, one example typical of the information sought by defendant may be cited. Plaintiff alleges in paragraph 6 of the complaint:

"That the defendant, its agents, servants, and employees, during said period, refused to permit the plaintiff to properly install and repair the air conditioning on the leased premises, and interfered therewith."

Defendant demands in paragraph 4 of its demand for a a bill of particulars:

"With reference to paragraph 6 of the complaint:
"(a) A specific, exact, and complete physical description of the allegedly leased premises in or on which the defendant

allegedly refused to permit the plaintiff to properly install and repair the air conditioning and allegedly interfered therewith;

"(b) The names of the agents, servants, and employees of the defendant who allegedly refused to permit the plaintiff to properly install and repair the air conditioning and allegedly interfered therewith;

"(c) The exact or approximate day or days and time or times of day or night that the defendant allegedly refused to permit the plaintiff to properly install and repair the air conditioning and allegedly interfered therewith;

"(d) A specific, exact, and complete physical and dimensional description of the component parts of the air conditioning the defendant allegedly refused to permit the plaintiff to properly install and repair and allegedly interfered therewith."

Most of the information sought may be the subject of discovery examination, but it cannot be obtained by a bill of particulars. As stated in *Monroe Cider Vinegar & Fruit Co. v. Marshall* (1921), 189 N. Y. Supp. 152, 153:

"The motion for a bill of particulars is distinct from one for a discovery and from an examination before trial, and should not be extended to encroach upon the office of the latter motions. Its purpose is merely to give the items of a party's claim, not his evidence."

Defendant further contends that the trial court abused its discretion in denying the motion for adverse examination in Wisconsin of plaintiff's nonresident officers. We cannot agree. Sec. 326.12, Stats., governing discovery examination before trial, provides in sub. (3) thereof, so far as material here:

"If the person to be examined is a nonresident party to the action or proceeding, or is a nonresident president, vice-president, secretary, treasurer, or managing agent of a corporation that is a party, the court may upon just terms fix the time and place of such examination, and he shall attend at such time and place and submit to the examination, and,

if required, attend for the reading and signing of such deposition, without service of subpoenas. Such examination shall not be compelled in any county other than that in which the person examined resides, except that any nonresident subject to examination may be examined in any county of this state in which he is personally served with notice and subpoena."

The ingenious argument is made that the plaintiff corporation is a party to the action and a "person" within the definition of sec. 990.01 (26), Stats.; that, being a Wisconsin corporation, it is a "resident" of Wisconsin and thus its officers, though nonresidents, may be examined within this state. Whatever merit there may be in this logic, the statute is specific—if the officers to be examined are nonresidents, such examination must be held in the county of their residence. Defendant seeks to examine Lou Poller and Rose Poller, president and secretary, respectively, of the plaintiff corporation. They are nonresidents. Any order directing them to attend adverse examinations in Wisconsin would be void and unenforceable. *State ex rel. McKee v. Breidenbach* (1945), 246 Wis. 513, 17 N. W. (2d) 554; *State ex rel. Walling v. Sullivan* (1944), 245 Wis. 180, 13 N. W. (2d) 550.

Defendant also sought inspection of plaintiff's books and records. If and when an adverse examination is had of the proper officer, defendant may have the opportunity to examine such books and records so far as the information sought therein is relevant and material to the defense of plaintiff's cause of action on constructive eviction. The trial court shall order the books and records sent to the court commissioner or other officer before whom the adverse examination will take place in the county of the residence of such officer.

Finally, as to security for costs. An affidavit filed by the defendant sets forth the following: That in July and August, 1954, plaintiff commenced negotiations for the sale of its

assets and that such sale was accomplished and completed in February of 1955; that the proceeds of the sale have been distributed to its shareholders; that the plaintiff corporation maintains no business office in Wisconsin; that the addresses stated in the records of the register of deeds, in the telephone directory, and in the complaint itself are not addresses where plaintiff or its agents occupy space; and that its officers and directors reside outside of the state of Wisconsin.

Sec. 271.27, Stats., provides:

"In all cases where it shall appear reasonable and proper the court may require the plaintiff to give sufficient security for such costs as may be awarded against him."

Upon information supplied to defendant by the purchasers of plaintiff's assets, defendant asserts that the sale has been completed. The facts as to nonresidence of the plaintiff's officers and directors are admitted in plaintiff's argument on the question of requiring them to attend adverse examinations in Wisconsin. Upon information of the telephone company and the Columbia Broadcasting System, plaintiff has not occupied space or used the telephones at the addresses given in the complaint. Under all these circumstances, it was an abuse of discretion for the lower court to deny the motion for security for costs.

*By the Court.*—So far as the order of May 7, 1956, denies the motion for a bill of particulars, except as to items of damages, it is affirmed. So far as it denies adverse examination in Wisconsin of nonresident officers of the plaintiff corporation, it is affirmed. So far as it denies examination of plaintiff's books and records, it is reversed, with directions to allow the examination at the time and place of any adverse examination of the proper officer of the plaintiff. So far as it denies security for costs, it is reversed, with directions to allow the same.