Submitted on briefs August 15, affirmed September 13, 1977

TOFTE, *Respondent,*
*v.*
ROBESON, *Appellant.*
(No. 76-7357A, SC 25037)
568 P2d 1381

Calvin S. Vess, Sandy, for appellant.

Dennis H. Elliott of O'Connell, Goyak & Haugh, P.C., Portland, for respondent.

PER CURIAM.

## PER CURIAM.

This is an action to recover a balance due of $643.29 for dental services rendered to defendant by plaintiff professional corporation. On stipulation, the jury was dismissed and the evidence was submitted to the trial court for decision. The defendant presented no evidence. The trial court found in favor of plaintiff and entered judgment accordingly.

Defendant appeals and contends "[t]he Court erred in denying the defendant's objection to the introduction of evidence regarding items of an account not set out in the pleadings or otherwise filed in the case."

From the transcript, we gather that defendant has reference to the following colloquy with the court prior to trial:

"And my objection will be to the introduction of this verification of this statement, set of statements, on the ground that they simply do not comply with the statute [ORS 16.470][1] * * *. It doesn't state that it is a true and accurate copy of the account pleaded in plaintiff's complaint * * *.

"* * * It is signed purportedly by one John K. Tofte, D.M.D. Doesn't indicate what office, if any, he holds with John K. Tofte, D.M.D., P.C., and doesn't indicate that he has personal knowledge of the facts alleged in the statement."

The trial court denied defendant's "objections to the itemization furnished under the demand." The trial court file reveals that 90 days before trial plaintiff filed, under oath, a verified itemization of all "statements and charts for dental services performed by my

---

[1]ORS 16.470 provides:

"A party may set forth in a pleading the items of an account therein alleged, or file a copy thereof, with the pleading verified by himself, or his agent or attorney, if within the personal knowledge of such agent or attorney, to the effect that he believes it to be true. If he does neither, he shall deliver to the adverse party within five days after a demand thereof in writing, a copy of the account, verified as in this section provided, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one filed or delivered is defective."

[ 563 ]

office on the family of Vincent Robeson from May 1975 to date" and served a copy of the same on defendant's attorney. The trial file also shows that approximately 60 days before trial the presiding circuit judge denied defendant's motion to strike plaintiff's verification of the Bill of Particulars filed by plaintiff.

We fail to see how plaintiff's verification of the Bill of Particulars[2] failed to meet the requirements of ORS 16.470. The trial court did not err in allowing evidence of the account as set forth in plaintiff's pleadings.[3]

Affirmed.

---

[2]With the advent of modern rules of discovery, pretrial conferences and summary judgment Bills of Particular have been abolished in a number of states and in 1946 were eliminated from the Federal Rules of Civil Procedure.

[3]*See Robbins v. Benson,* 11 Or 514, 515, 6 P 69 (1884); *Stocklen v. Barrett,* 58 Or 281, 14 P 108 (1911); *Jetmore v. Anderson,* 103 Or 252, 256, 204 P 499 (1922).