Fitts, Administrator, vs. Waldeck, imp.

*March 8 — March 24, 1881.*

PLEADING.   (1) *Complaint held sufficiently specific* on demurrer.   (2) *Complaint construed.*

1. The complaint, for injuries to plaintiff's intestate causing his death, alleges that the deceased was in defendants' service as a fireman, engaged in and about their boiler room; that the injuries were caused by the explosion of a boiler in said room; that such explosion was caused by the recklessness of defendants' engineer; and that the latter was retained by defendants in their service with knowledge that he was unfit for the service. The negligence and unskilfulness which caused the explosion are alleged only in general terms, and no specific negligent act or omission is stated. *Held*, that the averments are sufficient on demurrer; though, if plaintiff has any more specific information on the subject, he might, perhaps, be required, on motion, to make the complaint in that respect more definite and certain.

2. The complaint avers that "defendants and their agents and servants were informed of and well knew" the unfitness of said engineer at and before the time of the injuries complained of. *Held*, that this is not an averment of such knowledge on the part of the deceased.

APPEAL from the County Court of *Milwaukee* County.

Action under R. S., secs. 4255, 4256, to recover damages for the death of plaintiff's intestate, John Schantin, alleged to have been caused by negligence of the defendants. The complaint alleges the death of the plaintiff's intestate, leaving surviving him a widow and two minor children, the due appointment and qualification of the plaintiff as the administrator of

his estate; that defendants were partners in the ownership and operation of a distillery in the city of Milwaukee at the date of the intestate's death; and that the deceased was then in their service as fireman, and it was his duty as such to be in and about the boiler-rooms in their distillery. As to the cause of the intestate's death it alleges, " that the said John Schantin was then and there performing the duties of his said employment as such fireman, and, in so doing, exercised due care and caution, and was without fault or negligence on his part; that while the said John Schantin was so performing his said duties as fireman, one of the employees of said defendants, named Frank Kroeger, and who was, and for six weeks had been, in the employ of said defendants as engineer of, and in and about said distillery, was engaged in running, operating and managing the engine and boilers in said distillery; and that the said Frank Kroeger so recklessly, negligently and carelessly ran, operated and managed the said engine and boilers, and performed his said duties as such engineer so unskilfully and in so reckless and negligent a manner, that one of the boilers in said distillery exploded, and the said distillery was shattered and destroyed, and the said John Schantin was, without fault or negligence on his part, and by reason of the explosion of such boiler as aforesaid, violently and forcibly thrown and raised from the place where he then was, and was bruised and crushed by the falling timbers and *debris* of the distillery, so shattered and destroyed as aforesaid, by means of which the said John Schantin was greatly bruised, wounded and injured in his person, and suffered great pain and agony of body, and, after a short time, owing to such injuries, so received as aforesaid, the said John Schantin, on the said 15th day of June, A. D. 1880, languished and died." It is further alleged " that the said Frank Kroeger, so running, operating and managing the said engine and boilers, and so in the employ of the said defendants, was an unfit and unsuitable person, and wholly incompetent to perform the duties for which he was employed,

Fitts, Administrator, vs. Waldeck, imp.

·and which he was allowed and permitted to perform; and that the said defendants, and their agents and servants, were informed of and well knew the said unfitness and incompetency of the said Frank Kroeger at and before the time the said injury was inflicted upon the said John Schantin as aforesaid, and that the said defendants retained · the said Frank Kroeger in their said service and employ as such engineer after such knowledge as aforesaid; and that, in the exercise of reasonable care and prudence in the conduct of their said business, the said defendants, and their said agents and servants, ought to have known of the unfitness and incompetency of the said Kroeger for the employment and business in which he was engaged for the defendants as aforesaid, and which he was allowed and permitted to perform." Damages to the widow and children of the deceased, because of his death, are also alleged..

A general demurrer to the complaint was overruled, and the defendant *Waldeck* appealed from the order.

The cause was submitted for the appellant on the brief of *Ludwig & Somers.*

For the respondent there was a brief by *McKenney & Field,* and oral argument by *Mr. McKenney.*

LYON, J. 1. The fact that the negligence and want of skill of the defendant's engineer, Kroeger, caused the death of Schantin, the plaintiff's intestate, is alleged in the complaint in very general terms. The precise act or omission which caused the boiler to explode is not stated. Yet it is very probable that the plaintiff has only general knowledge or information on the subject, and that he has made the averment in that behalf as specific as he could in a complaint verified by himself. But, however that may be, we think the averment that the engineer so recklessly, negligently and unskilfully managed the engine and boilers that one of the boilers exploded, and the intestate was thereby killed, is sufficient on demurrer. If the plaintiff has any more specific information on the subject, perhaps he

might be required, on motion, to make his complaint in that respect more definite and certain.

2. It is affirmatively alleged in the complaint that Schantin came to his death without fault or negligence on his part. We find nothing in the complaint from which it can be inferred that he knew of the unfitness of Kroeger to manage the engine and boilers, or that he was guilty of any negligence which contributed to his death. The claim that the averment of knowledge of Kroeger's unfitness by defendants, their agents and servants, is equivalent to an averment that Schantin had such knowledge, because he was one of those servants, is clearly unfounded. This disposes of all the objections urged against the complaint. We think it states a cause of action.

*By the Court.*— Order affirmed.