RICHARDSON VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*October 24 — November 20, 1883.*

*Pleading — Indefiniteness.*

1. In an action to recover damages occasioned by the defendant's failure to furnish cars for the shipment of stock at the time agreed, and by a failure to transport such stock with reasonable diligence, the complaint should show what part of the total delay was occasioned by the failure to furnish cars, and what part occurred *en route.*

2. But where the complaint shows that the delay in furnishing cars was "about four days," and that the total delay was "about four days," the complaint is sufficiently definite and certain.

APPEAL from the Circuit Court for *Sauk* County.

The complaint alleges the incorporation of the defendant company, and that the plaintiff resided at Ablemans in Sauk county on the line of the defendant's railway, and was engaged in the business of buying and shipping stock to the Chicago market for sale; that on or about October 13, 1882, the plaintiff being fully apprised as to the state of the market at Chicago, bought three car-loads of hogs therefor, and notified the station agent of the defendant at Ablemans, who informed him that cars for the shipment of said hogs would be provided on the following Monday, ready to load on Tuesday; that the plaintiff, relying upon the duty of the defendant as a common carrier, and the assurance of the said agent that the cars would be provided, purchased the said hogs and had the same in the stock yards of the defendant at Ablemans ready to load at the time agreed upon as aforesaid; "that said defendant disregarded its duty in the premises as a common carrier of freight and its assurance and agreement to and with the plaintiff that said cars would be on hand at the time ordered, and neglected and re-

fused to provide said cars at the time appointed and as requested and promised as aforesaid, for several days, to wit, about four days, and neglected and refused to carry said stock to Chicago with reasonable diligence, and said plaintiff finally arrived at Chicago with his said stock about four days later than he would have done had said cars been provided as ordered and agreed, and had the stock been carried to Chicago with reasonable diligence."

The complaint further alleges that by reason of the delay the plaintiff was obliged to care for and feed the stock several days more than he ought to have been obliged to do, to his damage $100; and that he realized about $500 less for the stock at the Chicago market, on account of the demoralization of the market and great drop in prices, than he would have realized had the cars been furnished as agreed and the stock been carried to Chicago with proper diligence. Judgment for $600 damages is demanded.

The defendant obtained an order that the plaintiff show cause why the complaint should not be made more definite and certain by particularly specifying how much time or delay was caused in not furnishing cars at Ablemans for the shipment of the stock, and how much by the alleged failure to transport the stock from Ablemans to Chicago; and that the plaintiff specify by hours as nearly as possible each kind of delay of which he complains, and whether the delay, if any, in transporting from Ablemans to Chicago was caused by the negligence of the defendant or its servants, and if so, in what respect; and particularly on what day and by what train the said stock was taken from Ablemans to be carried to Chicago; also, why certain portions of the complaint (not included in the foregoing statement thereof) should not be stricken out as irrelevant and immaterial.

Upon the hearing certain portions of the complaint were ordered to be stricken out, but so much of the motion as asked that the complaint be made more definite and certain

was denied. The defendant appealed from so much of the order as denied that part of the motion.

*Wm. F. Vilas,* for the appellant.

For the respondent there was a brief by *Lusk & Perry,* and oral argument by *Mr. Lusk.*

ORTON, J. That part of the motion to strike out certain redundant matter from the complaint was granted, but that part requiring the complaint to be made more definite and certain was denied; and the defendant appeals from that denial. There appears to be no indefiniteness or uncertainty about the allegations of the complaint, except it may be in the matter of damages. Most of the other defects in this respect, complained of, concern facts more especially within the knowledge of the defendant. But, in respect to the damage complained of, it is proper that the defendant should be informed what part of such damages is claimed to have arisen from the failure to furnish cars in proper time as agreed, and what part is claimed to have arisen by the negligent running of the train and delays on the route.

It seems to us that the language of the complaint in this respect can have but one meaning, and that is, that no damage whatever is claimed from the negligent running of the train or delays on the route, but that all of it is predicated upon the delay in furnishing the cars at the depot named according to the contract. The allegation is that "the defendant disregarded its duty," etc., " and its assurance and agreement," etc., " and neglected and refused to provide said cars at the time appointed, and as requested and promised as aforesaid, *for several days, to wit, about four days.*" Then, after charging that the defendant company " neglected and refused to carry said stock to Chicago with reasonable diligence," it alleges the arrival of the plaintiff with his said stock at Chicago " *about four days* later than he would have done had the cars been provided as ordered

and agreed, and had the stock been carried to Chicago with reasonable diligence." There was *about four days'* delay in furnishing the cars, and *about four days'* delay in all. This leaves no possible chance of any delay on the route. The delay, and consequently the damages occasioned thereby, are charged solely to the delay in not furnishing the cars, and none for not carrying with reasonable diligence. "About four days" is the delay in not furnishing cars, and there was "about four days" delay, or the same delay in arrival, which leaves no delay on the route. We think this is sufficiently definite and certain.

*By the Court.*— That part of the order appealed from is affirmed, and the cause remanded for further proceedings according to law.

*Pleading — Indefiniteness.*

1. In an action to recover damages occasioned by the defendant's failure to furnish cars for the shipment of stock at the time agreed, and by a failure to transport such stock with reasonable diligence, the complaint should show what part of the total delay was occasioned by the failure to furnish cars, and what part occurred *en route.*

