AYRES and another vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*October 24 — November 20, 1883.*

*Pleading — Indefiniteness.*

1. In an action to recover damages occasioned by the defendant's failure to furnish cars for the shipment of stock at the time agreed, and by a failure to transport such stock with reasonable diligence, the complaint should show what part of the total delay was occasioned by the failure to furnish cars, and what part occurred *en route.*

2. Thus a complaint alleging failure to furnish the cars for "several days" after the time agreed on, and that the total delay in the delivery of the stock was "about four days," should be made more definite and certain by amendment.

APPEAL from the Circuit Court for *Sauk* County.

The facts in this case are substantially the same as in the case of *Richardson v. C. & N. W. R'y Co.,* *ante,* p. 534, except as to the allegation of the complaint in respect to the

Ayres and another vs. The Chicago & Northwestern R'y Co.

delay, which is set forth in the opinion. The stock was to be shipped from Lavalle and Reedsburg to Chicago.

*Wm. F. Vilas*, for the appellant.

For the respondents the cause was argued orally by *J. W. Lusk*.

ORTON, J. That part of the order denying the motion of the defendant to make the complaint more definite and certain is appealed from. As said in reference to a similar complaint in a previous case on this call, " there appears to be no indefiniteness or uncertainty about the allegations of the complaint, except it may be in the matter of damages. Most of the other defects in this respect, complained of, concern facts more especially within the knowledge of the defendant. But, in respect to the damages complained of, it is proper that the defendant should be informed what part of such damages is claimed to have arisen from the failure to furnish the cars in proper time as agreed, and what part is claimed to have arisen by the negligent running of the train and delays on the route." The language of this complaint in that respect is different from that in the other case. In that case the delay in not furnishing the cars as agreed, and the delay in the arrival of the stock in Chicago, is precisely the same, and there was no delay on the route, whatever, charged in the complaint. The allegation here is that the defendant " neglected and refused to provide said cars at either station *for several days*, and when provided, neglected and refused to carry said stock to Chicago with reasonable diligence, and said plaintiffs arrived at Chicago *about four days* later than they would have done," etc. Here part of the *several days'* delay in providing the cars may be a part of the *four days'* delay altogether, and what part of the delay is attributable to not providing cars, and what part to not carrying the stock to Chicago with reasonable diligence, is not stated in the complaint. Therein we think the com-

plaint is indefinite and uncertain, and should be reformed in that respect, and that that part of the motion should also have been granted.

*By the Court.*— That part of the order appealed from is reversed, and the cause remanded for further proceedings according to law.