Young vs. Lynch.

YOUNG, Respondent, vs. LYNCH, Appellant.

*September 4— September 21, 1886.*

PLEADING: NEGLIGENCE. *(1) When motion to make more definite may be made. (2) General allegations of negligence.*

1. A motion that the complaint be made more definite and certain may be made at any time within the period allowed for answering; and if the defendant obtains a stipulation extending the time to answer or demur he does not thereby waive the right to make such motion within the time so extended.

2. General allegations of negligence in a complaint may be sufficient on demurrer, or when they are denied, but upon defendant's motion they should be made more specific, unless, from the nature of the case, the plaintiff cannot make them so.

APPEAL from the Circuit Court for *Washington* County. The case is stated in the opinion.

For the appellant there was a brief by *Barney & Kuech-enmeister*, and oral argument by *Mr. Barney.* They argued, among other things, that in this class of cases, upon a motion to have the complaint made more definite and certain, the plaintiff will be required to set out the particular facts constituting the negligence complained of, at least so far as they would appear to be properly within his knowledge. This has been repeatedly decided in cases where the complaint was held good on general demurrer. *Jeffersonville, M. & I. R. Co. v. Dunlap*, 29 Ind. 426; *Cincinnati, H. & D. R. Co. v. Chester*, 57 id. 297; *Clark v. C., M. & St. P. R. Co.* 28 Minn. 69; *Fitts v. Waldeck*, 51 Wis. 567; *Peterson v. Knoble*, 35 id. 80, 83; *Clark v. Langworthy*, 12 id. 441, 446; *Morrill v. Tegarden*, 19 Neb. 534; *Pittsburg, C. & St. L. R. Co. v. Adams*, 105 Ind. 151; *Ayres v. C. & N. W. R. Co.* 58 Wis. 537. Where the negligence consists in the omission of a duty, the facts relied on which constitute the omission must be alleged. 2 Estes Pl. 154; *Congreve v. Morgan*, 4 Duer, 439; *Seymour v. Maddox*, 16 Q. B. 326.

For the respondent there was a brief by *P. & T. O'Meara*, and oral argument by *Mr. T. O'Meara*. To the point that the allegations of the complaint were neither indefinite nor uncertain, they cited *Hanselman v. Carstens*, 27 N. W. Rep. 18; 2 Chitty's Pl. 650; Bliss on Code Pl. sec. 211; *Grinde v. M. & St. P. R. Co.* 42 Iowa, 376; *Oldfield v. N. Y. & H. R. Co.* 14 N. Y. 310; *Clark v. C., M. & St. P. R. Co.* 28 Minn. 69; *Nolton v. Western R. Corp.* 15 N. Y. 444; *Lucas v. Wattles*, 49 Mich. 382.

TAYLOR, J. This action is brought by the plaintiff and respondent against the defendant and appellant, who is a physician and surgeon, to recover damages for the alleged malpractice of the defendant in and about the setting and caring for certain fractured bones of the plaintiff. After twenty days from the time of the service of the complaint in the action, but within the time the defendant had to answer by the written stipulation of the plaintiff, the defendant made a motion requiring the plaintiff to make his complaint more definite and certain. Among other things the motion asked that the plaintiff should be required to make his complaint more definite and certain " by stating specifically in what defendant's negligence consisted,— whether in the reducing of said fracture, and, if so, in what particular or particulars, and whether said negligence, or any part thereof, consisted in the treatment subsequent to the reduction thereof, and, if so, in what did defendant's alleged negligence or want of skill or care consist." The circuit court denied the defendant's motion, with leave to answer in twenty days. From this order the defendant appeals to this court.

The record does not disclose the reason of the court for denying the motion, and it is now insisted by the learned counsel for the respondent that the motion was properly

denied by the circuit court because not made in time. The summons was served September 26, 1885. The defendant appeared by his attorneys on October 2, 1885, and demanded service of complaint on them. The time to serve such complaint was extended by stipulation of defendant's attorneys until December 1, 1885. The complaint was served November 27, 1885; and on December 17, 1885, the plaintiff's attorneys stipulated in writing, extending the time to answer or demur to January 2, 1886. The motion to make the complaint more definite and certain was served on December 28, 1885, and a stay of proceedings obtained by the defendant until the second Tuesday in February, 1886, that being the date of the first special term in said circuit. The motion served was for the 17th of March, 1886. On the 13th of February the defendant made application for a further stay of proceedings until March 17th, which was denied, and on that day, by consent of parties, the original motion to make the complaint more definite and certain was heard and denied by the court.

The learned counsel for the respective parties agree that the motion to make the complaint more definite and certain may be made at any time before the time to answer the pleading has expired. That would seem to be a just limitation of the time for making the motion. One object, and perhaps the principal object, of the motion, when made by the defendant, is to give him full knowledge of the plaintiff's claim against him, so as to enable him to answer understandingly. Another object of the motion is to limit and define the issues in the case, so as to enable the defendant to properly prepare for the trial. In this case the motion was made before the time to answer had expired; but it is urged by the learned counsel for the respondent that the right to make the motion was waived by obtaining a stipulation extending the time to answer or demur; and that,

having obtained that stipulation extending the time, and not having reserved in terms the right to make such motion in the mean time, he waived such right.

We think this objection to the motion should not prevail. Neither the statute nor the rules of court fix any definite time within which the defendant must make his motion; and as one object of the motion is to enable the defendant to answer understandingly, and as the plaintiff may of his own motion, and without leave of the court, amend his complaint and make it more definite and certain if it be defective in that respect, at any time before the time to answer has expired, the defendant may make his motion to require it to be done within the same time. Sec. 2685, R. S. 1878. It might be said that, as this motion is a substitute for a special demurrer to the complaint under the old practice, it is within the spirit of the stipulation, if not within the letter. We are also of the opinion that, as the record shows that the motion was heard by the consent of the parties at a time and place not specified in the motion, we should infer that it was heard upon its merits, and that there was no objection that the motion was not made in time.

Upon the merits of the motion we are of the opinion that the circuit court erred in not granting that part of the motion which asked that the plaintiff be required to make his complaint more definite and certain by stating the particular acts of negligence of the defendant in the care and treatment of the plaintiff's injuries subsequent to the reduction and setting of his fractured bones. The allegations of the complaint which the learned counsel for the appellant contend are too general and indefinite; are the following:. "That the said defendant so carelessly, negligently, and unskilfully conducted himself in the care, treatment, and management of the said fractures and injuries of this plaintiff that he entirely failed and neglected to set or properly dress, care for, or treat the following of the fract-

Young vs. Lynch.

ures or injuries above mentioned, to wit, the said fracture of the upper third of the right femur or thigh-bone, the said fracture of the neck of the left femur or thigh-bone outside of the capsular ligament, and said fracture of the clavicle or collar-bone; and during such employment and attendance said defendant dressed, took care of, treated, and managed said last-mentioned fractures and injuries in such a careless, unskilful, negligent, undue, and improper manner that on the day last aforesaid the said last-mentioned bones became, were, and still are, and always will remain, crooked, weak, deformed, and shortened," etc.

It will be seen by an examination of the allegations of the complaint that the only specific act of negligence, either of omission or commission, on the part of the defendant charged, is that he wholly and entirely failed and neglected to set the fractured bones described; and, if this were the only negligence complained of in the complaint, it would be perhaps sufficiently alleged; but it is evident that the complaint intends to and does further charge the defendant with negligence and carelessness in dressing and caring for said fractures and injuries, after the reduction and setting of the same in the first instance, and that, under such allegations, the plaintiff would be permitted on the trial to show any carelessness and negligence of the defendant in the treatment of said wounds which resulted in injury to the plaintiff, notwithstanding it should appear that the fractures were properly reduced and the bones properly set in the first instance.

It has been frequently held by this and other courts that, under the Code, evidence of particular acts of unskilfulness, carelessness, and negligence may be given in evidence under general allegations in the complaint in all respects like those set out in this complaint, and that a complaint alleging negligence and carelessness in this general way is a good complaint under the Code; that such defect in the complaint, if

any, cannot be reached by the general demurrer that it does not state facts sufficient to constitute a cause of action, but must be remedied by a motion to make the complaint more definite and certain. *Fitts v. Waldeck*, 51 Wis. 567; *Richardson v. C. & N. W. R. Co.* 58 Wis. 534; *Ayres v. C. & N. W. R. Co.* 58 Wis. 537; *Haseltine v. Simpson*, 58 Wis. 579, 586; *Redmon v. Phœnix F. Ins. Co.* 51 Wis. 292; *Pettit v. Hamlyn*, 43 Wis. 314; *Schmidt v. Pfeil*, 24 Wis. 452; *Grannis v. Hooker*, 29 Wis. 65; *Flanders v. McVickar*, 7 Wis. 372; *Morse v. Gilman*, 16 Wis. 505. It is true that none of the cases above cited were considered upon a motion to make the pleadings more definite and certain, but either upon demurrer to the complaint or upon a motion to exclude the evidence under the complaint made at the trial. Most of those cases, however, intimate quite strongly that, if a motion to make more definite and certain had been made, it would have been effectual in procuring a more definite statement in the pleading, unless it was made to appear that the plaintiff was unable, from want of knowledge of the particular facts, to make a more definite statement. See *Fitts v. Waldeck*, 51 Wis. 567–569, and *Lake v. Loysen, ante*, p. 424.

The general and well-established rule in pleading is that the pleader should state the particular facts which constitute his cause of action or defense; and a general allegation that the opposite party has caused an injury or loss to the pleader by carelessness or negligence, or by his fraudulent acts, is not to be tolerated as a sufficient statement of facts, unless the opposite party is disposed to admit the truth of such general statements by a demurrer, or he takes issue upon them. When he does so take issue, he is deemed to have been satisfied with such general statements in the pleading, and to take the risk of any difficulties he may encounter on the trial by not being more specifically informed as to the exact nature of the charge made against him.

When, however, the opposite party is not willing to assume the responsibility of meeting any facts which may be proved against him on the trial under such general charge, he is entitled to have a more particular statement of the charge made against him before being called upon to answer or to go to trial in the case, unless, from the nature of the case, it is not in the power of the plaintiff to make a more specific charge through lack of knowledge.

There is nothing apparent from the pleadings in this case which would relieve the plaintiff from alleging the specific acts of negligence and unskilfulness on the part of the defendant in dressing and caring for his wounds, which produced the injurious effects complained of. If he relies upon any other careless act or acts, other than the alleged act of not properly setting and reducing said fractures in the first place, he ought to state them in his complaint; and, if he relies upon that act solely, then he can easily make that fact certain by omitting from his complaint all charges of negligence in the care and dressing of the wounds after such neglect in setting; and, if he relies upon negligence in the subsequent care and treatment of his wounds, it would seem that he ought to be able to state in what such negligence and want of care consisted.

There are many cases where the allegation of the result of alleged negligence on the part of the defendant which causes any injury to the plaintiff is of such a character as to prove the negligence; and in all such cases a general allegation of the negligence of the defendant, with a statement of the results thereof, would be a sufficient allegation. But this can only be so in cases where the plaintiff will prove the negligence by the proof of the result of the alleged negligence. An action by a passenger upon a railroad train who is injured by a collision of two of defendant's trains on the track is an illustration of this rule. In such action the plaintiff would not be required to state the exact

negligence which caused the collision, (1) because he is not supposed to have knowledge of the exact facts; and, (2) when he has proved the collision and his injury, the negligence is sufficiently proved, and the burden of proof is on the defendant to excuse himself if he can. But in the case at bar the allegation as to the result of the alleged negligence of the defendant would not, if proved, make out a case in favor of the plaintiff, or throw the burden of proof on the defendant to show that he was guilty of no negligence or want of care in his treatment of the case. The plaintiff will have to go further, and prove the particular acts of negligence and want of care on the part of the defendant which caused the injury, and should therefore state such facts in his complaint.

We think the court should have required the plaintiff to make his complaint more definite and certain in respect to the matter above stated.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.