Doolittle and another, Respondents, vs. LAYCOCK, Appellant.

*May 16 — June 2, 1899.*

*Pleading: Negligence: Definiteness: Attorneys at law.*

1. Negligence or incompetency is a mixed question of law and fact, and allegations charging negligence or incompetency, as applied to the conduct of a party, are not mere conclusions of law, but statements of ultimate facts.

2. In an action to recover attorney's fees, a counterclaim that plaintiffs were practicing attorneys and employed by defendant, that they did not act for his best interests but conducted his business incompetently, dishonestly, carelessly, and negligently, and in consequence he was compelled to pay and did pay more than was justly due from him, is sufficient on demurrer, although objectionable as being indefinite.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Reversed.*

Plaintiffs are attorneys, and bring this action to recover for professional services rendered to defendant. Answer was made putting in issue the value of such services, and setting up a counterclaim. The counterclaim alleges the employment of plaintiffs to conduct the litigation mentioned in the complaint as the foundation of plaintiffs' claim, and then reads as follows: "That the plaintiffs undertook, as such attorneys, to act for the defendant in such litigation, and thereafter, and during the pendency of such litigation, so acted; that, in the management and conduct of such litigation, the plaintiffs herein did not act for the best interests of this defendant, and did not give the matter such attention as to protect defendant's interests, but managed the same incompetently, dishonestly, carelessly, and negligently; that solely by reason of such incompetent, dishonest, careless, and negligent management and conduct on the part of the plaintiffs herein, acting as such attorneys, this defendant was compelled to and did pay to the plaintiffs in said consolidated action the sum of two hundred and fifty dollars more than was justly due to it, to the defendant's damage two hundred and fifty dollars." The plaintiffs demurred to the counterclaim on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and defendant appeals.

For the appellant the cause was submitted on the brief of *Frawley, Bundy & Wilcox.*

For the respondents there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

BARDEEN, J. "The general and well-established rule in pleading is that the pleader should state the particular facts which constitute his cause of action or defense, and a general allegation that the opposite party caused an injury or loss to the pleader by carelessness or negligence, or by his fraudulent acts, is not to be tolerated as a sufficient statement of facts, unless the opposite party is disposed to admit the truth

Doolittle and another vs. Laycock.

of such general statements by a demurrer, or he takes issue upon them." *Young v. Lynch,* 66 Wis. 514. This language of Judge TAYLOR is applicable to the pleading under consideration. It is true that the allegations showing the plaintiffs' liability are quite general, and that the precise act or omission which caused the resulting damage is not stated. Negligence or incompetency is a mixed question of law and fact, and hence allegations of negligence or incompetency, as applied to the conduct of a party, are not mere conclusions of law, but rather statements of ultimate facts. Many cases might be cited where courts have sustained pleadings upon mere general allegations of neglect or omission of duty, when they have been tested by demurrer. No doubt, the opposite party is entitled to have a more particular statement of the charge against him, but he cannot secure that relief by demurrer. His remedy is by motion to make the pleading more definite and certain. *Fitts v. Waldeck,* 51 Wis. 567; and see *Carey v. C. & N. W. R. Co.* 67 Wis. 608; *Cheney v. C., M. & N. R. Co.* 75 Wis. 223; *Schneider v. Wis. Cent. Co.* 81 Wis. 356; *Monahan v. N. W. C. Co.* 84 Wis. 596; *Hanson v. Anderson,* 90 Wis. 195.

The counterclaim alleges that plaintiffs were practicing attorneys; that they were employed by defendant; that they did not act for the best interests of defendant, but conducted the business confided to them "incompetently, dishonestly, carelessly, and negligently," and that in consequence thereof the defendant was compelled to pay and did pay two hundred and fifty dollars more than was justly due from him. Admitting these statements to be true, there is enough to raise an issue. Undoubtedly the pleading would have been susceptible to a motion to make more definite. It is very far from being a model, and would have received judicial condemnation had the proper proceeding been taken.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.