PARADIES, by guardian *ad litem,* Respondent, vs. WOODARD,
by guardian *ad litem,* Appellant.

*February 5—February 24, 1914.*

*Infants: Liability for torts: Negligence: Riding bicycle in school
yard: Injury to another: Pleading: Contributory negligence.*

1. Infants are liable for their tortious acts.
2. A complaint alleging in substance that defendant, a boy between
   thirteen and fourteen years old, drove and rode a bicycle upon
   which another boy was riding with him, thus making it more
   difficult to manage and more dangerous, in the playgrounds of
   a public school where such riding was expressly forbidden, at
   such a speed, without warning, and with such want of ordi-
   nary care that he knocked down, ran over, and injured the
   plaintiff, is *held,* on demurrer, to state a cause of action.
3. A complaint need not negative contributory negligence on the
   part of the plaintiff, that being defensive matter.

APPEAL from an order of the circuit court for Dodge
county: MARTIN L. LUECK, Circuit Judge.   *Affirmed.*

This action was brought against the defendant William
Woodard and his son, *John Woodard,* a boy between thir-

teen and fourteen years of age. Each defendant demurred separately. The demurrer of the defendant William Woodard was sustained and the complaint dismissed as to him. The demurrer of *John Woodard* was overruled, and from the order overruling the said demurrer this appeal was taken.

*James F. Trottman,* guardian *ad litem,* for the appellant.

For the respondent the cause was submitted on the brief of *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel.

KERWIN, J. The only question involved upon this appeal is whether the complaint states a cause of action against the defendant *John Woodard.* The chief contention of counsel for appellant is that the allegations of negligence are not sufficiently specific to constitute a cause of action. It will therefore be necessary to examine briefly the allegations of the complaint in so far as they purport to state negligence on the part of the minor defendant, *John Woodard.*

The complaint alleges in substance that *John Woodard* is the son of William Woodard, and is between thirteen and fourteen years of age, and resides with his father; that on May 6, 1912, defendant William Woodard authorized and permitted his said son to use a bicycle and run the same at all times as his said son saw fit; that on said May 6, 1912, while using and managing said bicycle, said *John Woodard* drove the same in the playgrounds of the public school in Watertown, Wisconsin, where the plaintiff then was with other children attending the school, and so drove and rode said bicycle carelessly, negligently, and with such want of ordinary care as to cause, permit, and allow said bicycle in rapid motion to strike, knock down, and run over the plaintiff so that the plaintiff thereby suffered injuries, that is to say, plaintiff's right leg was broken in several places and his right leg was maimed, mangled, and bruised and other parts of his body injured.

The complaint further alleges that ordinary care required,

and it was the duty of the defendant, at the time and place in question, not to run or ride said bicycle on the playgrounds of the school house where plaintiff was injured, such use being expressly forbidden by the teachers of the school, under whose control the grounds were at the time in question; that it was the duty of the defendants in the exercise of ordinary care, if said bicycle was run at all upon said grounds, to run it at a slow speed with a vigilant outlook maintained, and if run or ridden at all on said grounds at the time in question, not to be ridden by more than one person, and to give warning to all persons in the path of said bicycle; that at the time of the injury another boy was riding with defendant *John Woodard,* and the said defendant failed to perform the duties hereinbefore mentioned and at the time and place in question so negligently ran said bicycle as to cause the injuries to the plaintiff, and that said instances of want of care and failure to perform the duties specified on the part of the defendants were the proximate cause of the injuries sustained.

Counsel for appellant contends that the mere riding of a bicycle on the playgrounds in rapid motion is not negligence nor unlawful use of the bicycle, and that negligence will not be inferred in such case if an accident result, and that there is no averment in the complaint as to whether there were many other children or persons on the playground; and further, that it is not unlawful or negligence for two boys to ride upon the same bicycle at the same time, and that the complaint is silent as to what plaintiff was doing when the bicycle struck him. The mere riding of a bicycle alone might be innocent sport, but riding it negligently with such force and violence as to carelessly and negligently run into another and injure him as plaintiff was injured here may constitute actionable negligence. What the plaintiff was doing when struck is immaterial if he was not guilty of contributory negligence, and contributory negligence is defensive matter. *Harper v. Holcomb,* 146 Wis. 183, 130 N. W. 1128. It is not

necessary that the complaint negative contributory negligence. The specific allegations of the complaint, taken in connection with the general allegations of negligence on the part of the defendant *John Woodard,* are sufficient on demurrer under the decisions of this court. *Hanson v. Anderson,* 90 Wis. 195, 62 N. W. 1055; *Fitts v. Waldeck,* 51 Wis. 567, 8 N. W. 363; *Young v. Lynch,* 66 Wis. 514, 29 N. W. 224; *Doolittle v. Laycock,* 103 Wis. 334, 79 N. W. 408.

It is also said that it is not negligence for two boys to ride upon the same bicycle at the same time. The allegations of the complaint, however, show that in the instant case the bicycle was more difficult to manage and control when being ridden by two persons, and that the collision under such circumstances was rendered more dangerous and destructive.

The complaint should be liberally construed on demurrer. *Darlington v. J. L. Gates L. Co.* 142 Wis. 198, 125 N. W. 456; *Hall v. Bell,* 143 Wis. 296, 127 N. W. 967. The case of *Hanson v. Anderson, supra,* is quite analogous to the instant case. The allegations there were to the effect that defendant drove his team at a great speed along the highway, and came up behind the plaintiff's vehicle and negligently ran into it. The allegations were held sufficient on motion to make the complaint more definite and certain.

It is well settled that infants are liable for their tortious acts. Citation of authority on this point is unnecessary.

The learned counsel for appellant cites us to several Wisconsin cases, and discusses them at length in his brief, which he contends sustain his position that the complaint fails to state a cause of action. We have examined these cases carefully and think they do not support counsel's contention. We shall not prolong this opinion by a discussion of them. We think the allegations of the complaint, admitted on demurrer, state a cause of action against the defendant *John Woodard,* therefore the order overruling the demurrer must be affirmed.

*By the Court.*—The order appealed from is affirmed.