Wood, Respondent, vs. General Railway Signal Company, Appellant.

*February 9—May 18, 1915.*

*Master and servant: Injuries: Collision between motor car and railway train: Safety of working place: Negligence: Contributory negligence: Pleading: Liberal construction: Amendment at trial: Continuance.*

1. Where an employee of a railway signal company, riding on a motor car upon the tracks of a railway company, was injured by a collision between such car and the rear end of a railway train in a tunnel, the safe-place rule prescribed by sub. (11), sec. 2394—41, and sec. 2394—48, Stats., has no application as against the signal company, which had nothing to do with the operation of the train or the patroling of the track or tunnel and omitted no duty in regard to making the place of employment less dangerous than it was.

2. Trial courts have a broad discretion in the matter of granting continuances where pleadings are amended at the trial; but a plaintiff should not be permitted to plead one cause of action and then prove a different one and amend his complaint accordingly, without proper opportunity being given to defendant to prepare for trial on the new issue.

3. Pleadings, however, must be liberally construed, and proof is admissible under pretty broad general allegations, the remedy of the opposite party in such a case being to move to make the pleading more definite and certain.

4. In an action for injuries sustained by an employee of a railway signal company in a collision between the motor car upon which he was riding and the rear end of a railway train which the car had followed into a tunnel 900 feet long, in which the smoke was so dense that it was impossible to see objects after entering it, an allegation that another employee in charge of the motor car was negligent in running it too fast and too close to the train and in failing to check and stop it in time to avoid the collision, was broad enough to justify the admission of evidence that such other employee was negligent in not stopping the car before entering the tunnel, so as to ascertain whether or not the way was clear.

5. The evidence in such case is *held* to sustain findings by the jury that the employee in charge of the car was negligent in driving it into and through the tunnel until it collided with the train, and that plaintiff, who was subject to the orders and direction of such employee, was not guilty of contributory negligence.

APPEAL from a judgment of the circuit court for Juneau county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Action to recover for personal injuries sustained as a result of a collision between a gasoline motor car and the rear end of a passenger train. On September 4, 1912, plaintiff was in the employ of the defendant company, and in the performance of his duties was required to travel from place to place over the tracks of the Chicago, St. Paul, Minneapolis & Omaha Railway Company on a motor car owned by the defendant. At the time of the accident plaintiff with one Castle, another employee of the defendant, was riding on said motor car from Camp Douglas to Elroy, the car being driven and operated by Castle. A passenger train preceding them stopped in a tunnel and the motor car collided with the rear end of the train, as a result of which plaintiff was injured. The complaint charged the defendant with negligence, alleging that the car used was defective and that it was negligently operated by Castle, in that it was run at too high a rate of speed and too closely following the passenger train to be stopped in time to avoid a collision. The answer put in

issue all the material allegations of the complaint. At the close of the evidence and after motion by the defendant for a directed verdict, on motion of plaintiff the complaint was amended to allege, in addition to the negligence charged in the original complaint, negligence of defendant in failing to furnish plaintiff a safe place in which to work and negligence on the part of the person operating the car in failing to ascertain whether said tunnel was clear before entering the same, by driving said motor car into and through the tunnel at said time and place while the tunnel was dark and full of smoke, without checking and stopping the car to ascertain the conditions in the tunnel before entering. The jury returned the following special verdict:

"(1) Did the defendant at the time when and place where plaintiff was injured fail to furnish the plaintiff a place of employment as free from dangers to life and safety as the nature of the employment would reasonably permit? A. Yes.

"(2) If you answer the first question 'Yes,' then was such failure to so furnish a place of employment as free from dangers to life and safety as the nature of the employment would reasonably permit the proximate cause of the plaintiff's injuries? A. Yes.

"(3) Did Castle, who operated the motor car, fail to exercise ordinary care in driving the motor car into and through the tunnel until it collided with the train? A. Yes.

"(4) If you answer the last question 'Yes,' then was such failure to exercise ordinary care the proximate cause of the plaintiff's injuries? A. Yes.

"(5) Did the plaintiff, as the motor car approached and entered the tunnel and proceeded until the collision happened, fail to exercise ordinary care, which contributed to his injuries, in the performance of his duty on the motor car and in taking such precautions for the safety of the occupants of the car as the situation and circumstances required? A. No.

"(6) If the plaintiff is entitled to recover, at what sum do you assess his damages? A. $6,053.80."

The court found that the damages awarded by the jury were excessive, and plaintiff was given the option of remitting

damages in excess of $4,500 or being granted a new trial, and upon remission by plaintiff of such excess judgment was entered accordingly. Defendant appeals.

For the appellant there was a brief by *Williams & Stern,* and oral argument by *Burdette F. Williams.*

*Clinton G. Price,* for the respondent.

The following opinion was filed March 2, 1915:

BARNES, J. If the safe-place rule prescribed by sub. (11) of sec. 2394—41 and in sec. 2394—48, Stats., has reference to the physical situation, as is held in *Rosholt v. Worden-Allen Co.* 155 Wis. 168, 174, 144 N. W. 650, then we are unable to find any evidence which would justify the submission of the first question in the special verdict to the jury, or that would warrant the jury in answering it in the affirmative. The defendant had nothing to do with the operation of the train or the patroling of the track or the tunnel, and not a single omission of duty on its part in regard to making the place of employment less dangerous than it was is pointed out. The judgment cannot be sustained on the first ground of negligence relied on.

The respondent contends, however, that Castle was negligent (1) in entering the tunnel without first ascertaining that it was clear, and (2) in running the motor car at an excessive rate of speed after entering the tunnel. Castle was a foreman in the sense that he was boss of the operations carried on on that day, and plaintiff was expected to follow his directions. There can be no doubt that they were fellow-servants. Castle had charge of the operation of the motor car.

At this point we are met with the contention of the appellant that the complaint did not charge that Castle was negligent in not stopping before entering the tunnel and that its motion for a continuance should have been granted after the court concluded to allow the amendment. This motion was founded on the claim that defendant was surprised and was

not prepared to meet the new issue injected into the case.  A motion for a new trial was made based in part upon the alleged erroneous ruling of the court in refusing to grant a continuance.  It was shown by affidavit that the defendant could offer material evidence on the new issue of which it was ignorant at the time of the trial.

If the negligence of Castle in failing to stop before entering the tunnel was the only element of actionable negligence in · the case and it was not set up in the original complaint, the appellant's contention should in all probability prevail.  Not every claim of surprise is well founded, and trial courts have a pretty broad discretion in passing upon applications for continuances made because pleadings have been amended.  It is none the less true that contests in courts must be carried on in a spirit of fairness and that a litigant should not be permitted to plead one cause of action and prove a different one, of which his adversary is not advised and which he is not prepared to meet, and then ask to amend the pleading and have the request granted without proper opportunity being given the opposing party to prepare for trial on the new issue. This case at best is a close one on the merits, including the alleged new issue of negligence.  The evidence which defendant claimed it could produce on this issue, if given the opportunity, was very material and might well be controlling.

It is well settled, however, that pleadings must be liberally construed and that proof is admissible under pretty broad general allegations, and that the remedy of the opposite party in such a case is to move to make the pleading more definite and certain.  *Fitts v. Waldeck,* 51 Wis. 567, 569, 8 N. W. 363; *Young v. Lynch,* 66 Wis. 514, 518, 29 N. W. 224; *Barney v. Hartford,* 73 Wis. 95, 40 N. W. 581; *Doolittle v. Laycock,* 103 Wis. 334, 336, 79 N. W. 408; *Downer v. Tubbs,* 152 Wis. 177, 179, 139 N. W. 820.

The original complaint, among other things, charged that Castle was negligent in running the motor car "too fast and

too close to said passenger train, and by failing to seasonably check and stop said car in time to avoid colliding with said passenger train as aforesaid."

There is a good deal of merit in the claim that this language could reasonably be understood as referring only to the operation of the car after it entered the tunnel. But it was fully understood that the smoke was so dense in this tunnel, which was 900 feet long, that it was impossible to see objects after entering it. As a matter of fact, the train was not seen until the motor car was within about two feet of it. The complaint did allege that it was Castle's duty to stop the car in time to avoid a collision with the passenger train. In view of conditions known to exist, the proper place to stop in order to avoid a collision might well be before entering the tunnel. While the construction placed upon the complaint by the defendant's counsel was natural enough, we think, under the liberal rule of construing pleadings referred to, it was broad enough to justify the admission of evidence to show that Castle was negligent in not bringing the car to a standstill before going into the tunnel, so as to ascertain whether or not the way was clear. Construing the original complaint as we do, it was not necessary to amend it and the court did not err in refusing to grant a new trial because it was in fact amended.

Appellant argues that Castle was not negligent in failing to stop the motor car before entering the tunnel or in operating the car within the tunnel. On the first point it is said that it is unusual for a passenger train to stop between stations and that Castle had no reason to suppose the train he was following would make such a stop. Further, that if a stop was made Castle had no reason to suppose that the rear end of the train which was in the tunnel would not be protected either by a light, a torpedo, or a flagman. Further, that Castle ascertained from the operator at Hustler, the next station north of the tunnel, that the train had a clearance to Elroy. Further, that Castle was anxious to get to the yard

limits at Elroy soon after the train reached the station so as to sidetrack for a north-bound train which was to pass the train which plaintiff and Castle were following at Elroy. Further, that as plaintiff and Castle approached the tunnel the watchman employed by the railway company at the tunnel signaled them that everything was all right ahead.

On the second question appellant argues that the evidence shows without dispute that the car was running slowly (not to exceed four miles per hour) at the time of the collision, and that this evidence is corroborated by the fact that the motor car did not leave the track and was not injured by the collision, and by the statement of plaintiff that the car was running so slowly that he could have stepped off without difficulty or danger had he seen the train in time to do so. The testimony further showed that the car could have been stopped within a very few feet by the application of the brake, at the rate of speed at which it was going.

In support of the respondent's contention that Castle was negligent in not stopping before entering the tunnel it appeared that there had been a washout near Hustler, and that the train stopped before clearing the tunnel because of the soft and doubtful condition of the track ahead; that the train belonged to the Northwestern Company and was being run over the Omaha tracks as a special. The injury occurred on September 4, 1912, at what inferentially rather than directly appears to have been a time of high water in this vicinity, so the motor car was following a special train under somewhat unusual conditions. The flagman testified that it was no part of his duty to give signals to trains or motor cars. He said he did not warn Castle in regard to running through the tunnel and did not signal him to stop. He does not categorically deny giving a signal to go ahead, although he may have intended to do so. There is no doubt that he made some motion,—whether in the way of salutation, or signal that it was all right to go through the tunnel, is not entirely clear.

There is no doubt in the evidence that plaintiff and Castle understood the motion made as a signal to go ahead. The plaintiff so testified two or three times, and finally qualified his statements to the extent of saying that the motion made might be understood as a salutation merely or as a signal to go ahead. It appeared, however, that the smoke was so dense in the tunnel that it was impossible to see anything in it; that the motor car was following up the train pretty closely; that the flagman would have been obliged to walk over 2,000 feet after the train passed and before the motor car came up in order to know that the tunnel was clear, and that it must have been obvious that the signal meant little or nothing, because the flagman had not had sufficient time to pass through the tunnel and return after the train had gone through.

In reference to the rate of speed in the tunnel, it was perhaps difficult to estimate it exactly owing to the darkness. The fact that the motor car remained on the track and was not broken is significant. But the plaintiff was severely hurt. The train was struck hard enough so that not only was the plaintiff thrown off the motor car, but Castle, who was sitting behind him, was thrown off and landed across plaintiff.

There were a number of things which Castle might have done which would have prevented the accident. He might have waited until the tunnel was clear of smoke before entering it. He might have sent plaintiff ahead to see that it was clear, or have gone himself. He might have run his car so slowly that no serious consequences would result from its coming in contact with the train. If he could not run it thus slowly under its own power, he and plaintiff could have pushed it through the tunnel with the power shut off. There was no apparent need for rush or hurry. Castle no doubt wanted to sidetrack for the north-bound train at Elroy, but he testified that he alone could lift the motor car off the track without serious difficulty.

This court is of the opinion that the jury might find that

Castle did not exercise ordinary care in failing to take some of the precautions suggested to provide for his own safety and that of his co-worker.   The answer to the third question in the special verdict must therefore be permitted to stand.

It is suggested that, if Castle was negligent, the plaintiff was guilty of contributory negligence.   This conclusion by no means follows.   Castle had charge of the operation of the motor car and the plaintiff was subject to his orders and direction, and the jury might well find Castle negligent in the operation of the car and acquit plaintiff of negligence in riding on it.   Some other errors are assigned and argued, but they do not call for special treatment.

*By the Court.*—Judgment affirmed.


'A motion for a rehearing was denied, with $25 costs, on May 18, 1915.