Diane M. SMITH and Michael J. SMITH,
Plaintiffs-Appellants,

v.

Gerri L. KAPPELL,† Germantown Mutual
Insurance Co.,† Christie Sager, and State
Farm General Insurance Co., Defendants-
Respondents,

The AETNA CASUALTY & SURETY COMPANY,
Stacy Sabel, Kathleen M. Sabel, and Scott
Franczak, Defendants.

Court of Appeals

*No. 87–2431. Submitted on briefs July 8, 1988.—Decided
November 1, 1988.*

(Also reported in 433 N.W.2d 588.)

† Petition to review denied. BABLITCH, J., took no part.

For plaintiffs-appellants there were briefs by *Paul J. Gossens* and *Brenner, Brenner, Gossens, Wall & Schwei,* Waukesha.

For defendants-respondents Gerri L. Kappell and Germantown Mutual there was a brief by *William A. Woodrow* and *Adams, Woodrow & Mathey, S.C.,* Neenah.

For defendant-respondents Christie Sager and State Farm General there was a brief by *Michael S. Siddall* and *Herrling, Clark, Hartzheim & Siddall, S.C.,* Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

LAROCQUE, J. Michael Smith and Diane Smith, the latter injured in a two-car accident with an intoxicated seventeen-year-old driver, appeal a sum-

mary judgment dismissing some of their claims. The court dismissed a negligence claim against sixteen-year-old Gerri Kappell for furnishing beer to the driver, and a claim against another sixteen-year-old, Christie Sager, who permitted the use of her mother's residence as a place to consume some of the beer. The circuit court retained for trial, claims against the seventeen-year-old driver, Stacy Sabel, against Scott Franczak, nineteen, who also furnished beer, and against Kappell, who allegedly urged Sabel to "go faster" prior to the crash.

The issues are whether tort liability may be extended to underage persons including (1) Kappell, for giving alcohol beverages to another underage person; and (2) Sager, who permitted the use of her mother's residence for possession and consumption of alcohol beverages with apparent knowledge of her guest's age, intoxicated condition, and intent to drive. Because Kappell's conduct was in violation of a statute and therefore negligence per se and Sager's was not, we affirm the summary judgment dismissing Sager and reverse and remand for further proceedings as to Kappell.

An affidavit filed in opposition to summary judgment made the following assertions. On the evening of the accident, September 9, 1986, Franczak, nineteen years old and of apparent legal drinking age at the time,[1] brought a six-pack into the home of his sixteen-year-old girlfriend, defendant Sager, after Sager's mother left for work. After drinking some of the beer,

---

[1] 1985 Wis. Act 337, sec. 55, effective September 1, 1986, raised the Wisconsin legal drinking age to 21 for anyone who was not 19 years old by August 31, 1986. The appeal record does not reflect whether Franczak was 19 on August 31, 1986. His liability is not challenged on appeal.

the couple was joined by Kappell and Sabel. Sager stated: "I kinda think they were kinda drunk cause I think they were drinking before they came down here, but I'm not sure; well [Kappell] acted like it." Sager added: "I think they were kind of drunk, because [Kappell] came in, they're laughin and all and giggling like she does when she's drunk." Sager was questioned about giving Kappell and Sabel permission to drink:

Q  Did they ask in general, "Can we have a beer"?

A  Yeah.

Q  So they didn't ask any particular person?

A  No.

Q  It was your house; right?

A  Yes.

Q  You didn't say no, you can't have one; did you?

A  No.

Sager indicated that Sabel and Kappell "had one, maybe one or two [beers]."

Thereafter, Kappell and Sabel accompanied Franczak to a liquor store where he and the two girls bought a case of beer. The trio returned to the Sager residence. Sager then joined them in drinking from the case of beer. Other than possibly furnishing a can opener and drinking some of the beer herself, Sager's only other participation was to allow access to her mother's home for illegal beer drinking.

Sabel and Kappell left the Sager residence with what remained of the beer at approximately 9:30 p.m. Asked to describe their condition at that time, Sager responded: "Pretty well drunk, if you ask me." Asked: "Did you or Scott say anything that would tell them

that they shouldn't drive," Sager responded: "Yes. Scott said that, he says well holy cow, he says, I should drive you guys home, you know, cause I don't want to get busted for serving minors. He was always kinda worried about that." An hour later, Sabel, driving at speeds up to eighty-five miles per hour, and, after drinking more beer handed to her by her passenger, Kappell, spun out of control, crossed the centerline of a county highway, and collided with an auto driven by Diane Smith causing serious injuries. Sabel's BAC at the hospital was .16.

The trial court granted summary judgment dismissing that part of the claim against Kappell for furnishing alcohol beverages on grounds that the prohibition against persons furnishing alcohol beverages found in sec. 125.07(1)(a), Stats., applies only to adults. The court also dismissed Sager from the lawsuit on grounds that there was neither a statutory bar nor a common-law duty pertaining to the use of Sager's premises for illegal drinking.

In reviewing the trial court's grant of a motion for summary judgment, we must independently apply the standards of sec. 802.08(2), Stats., in the same manner as did the trial court. *Schaller v. Marine Nat'l Bank,* 131 Wis. 2d 389, 394, 388 N.W.2d 645, 648 (Ct. App. 1986). We will reverse only if the record shows that material facts are in dispute or if the trial court incorrectly applied the law. *Id.*

## CLAIM AGAINST KAPPELL

Section 125.07(1)(a) provides: "No person may procure for, sell, dispense or give away any alcohol beverages to any underage person ...." Section 125.02(14) provides: "'Person' means a natural person,

sole proprietorship, partnership, corporation or association."

Construction of a statute in relation to a given set of facts is a question of law; therefore, we need not give special deference to the determinations of the circuit court. *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985).

■

Contrary to the trial court's interpretation, we conclude that sec. 125.07(1)(a) prohibited Kappell from giving alcohol beverages to an underage person. The definition of "person" includes both adults and children. If a word is specifically defined by statute, that meaning must be given effect. *State v. Mattson,* 140 Wis. 2d 24, 28, 409 N.W.2d 138, 140 (Ct. App. 1987).

Even if "person" were construed as ambiguous, other provisions of that statute support our interpretation. Section 125.07 carefully distinguishes an "adult" from an "underage person" in circumstances where the prohibited conduct is limited to one or the other.[2] Thus, the reference to "person" in subsec.

---

[2]*See, e.g.,* sec. 125.07(1)(a)3, which provides: "No *adult* may knowingly permit or fail to take action to prevent the illegal consumption of alcohol beverages by an *underage person* on premises owned by the adult or under the adult's control." (Emphasis supplied.)

Section 125.07(4)(a) and (b) provides in part:

(4) ... Prohibitions; penalties. (a) Any *underage person* who does any of the following is guilty of a violation:
   1. Procures or attempts to procure alcohol beverages.
   ....
   (b) ... any *underage person* ... who knowingly ... possesses or consumes alcohol beverages is guilty of a violation. (Emphasis supplied.)

Section 125.07(1)(a) says "No *person* may procure ...." (Emphasis supplied.)

(1)(a)1 appears to be a deliberate choice to include both adults and underage persons.

Determination of liability in this case is the logical application of the principles announced by our supreme court in *Sorensen v. Jarvis,* 119 Wis. 2d 627, 350 N.W.2d 108 (1984) (commercial vendor selling to a minor), and *Koback v. Crook,* 123 Wis. 2d 259, 366 N.W.2d 857 (1985) (adult social host furnishing to a minor).

Those cases were grounded upon current judicial views of social justice and common sense and applied traditional principles of tort law to vendors and social hosts despite prior case law to the contrary. *Koback,* 123 Wis. 2d at 271, 366 N.W.2d at 862. Although she was neither a vendor nor a social host, Kappell, as the defendants in *Sorensen* and *Koback,* violated a specific statutory prohibition against furnishing alcohol beverages to minors.

It is well established in Wisconsin that juveniles are liable for their torts. *State ex rel. Herget v. Circuit Court,* 84 Wis. 2d 435, 444, 267 N.W.2d 309, 313 (1978). Almost seventy-five years ago, in *Paradies v. Woodard,* 156 Wis. 243, 145 N.W. 657 (1914), our supreme court upheld a personal injury claim against a thirteen-year-old for negligently operating a bicycle and noted: "It is well settled that infants are liable for their tortious acts. Citation of authority on this point is unnecessary." *Id.* at 246, 145 N.W. at 658. Because the Wisconsin statutes prohibited Kappell from furnishing beer to Sabel, she may be held accountable for her part in causing the Smiths' injuries.

## CLAIM AGAINST SAGER

■ Sager's conduct in permitting the use of her parents' home for Sabel's beer drinking was not a statutory offense. Section 125.07(1)(a)3 provides: "No *adult* may knowingly permit or fail to take action to prevent the illegal consumption of alcohol beverages by an underage person on premises owned by the adult or under the adult's control." (Emphasis. supplied.) Sager, age sixteen, therefore did not violate the terms of that statute, nor the provisions of sec. 125.07(1)(a) that prohibit giving alcohol beverages to underage persons.

■ Nor is Sager liable as a party to Sabel's offense of possession and consumption of alcohol beverages. Section 125.115 provides:

(1) A person may be convicted of the commission of a crime under this chapter only if the criteria specified in s. 939.05 exist.

(2) This section does not apply to civil forfeiture actions for violation of any provision of this chapter or any local ordinance in conformity with any provision of this chapter.

The only meaningful reading of the preceding statute is that persons who aid and abet others in the violation of the civil forfeiture sections of ch. 125 cannot be prosecuted as parties to the offense. The penalty for illegal possession and consumption of alcohol beverages is strictly a forfeiture. Sec. 125.07(4)(c), Stats. This is, of course, a civil and not a criminal case. Nevertheless, the absence of any statutory violation, either directly or as a party to the

violation committed by another, prohibits imposition of the doctrine of negligence per se.

The provisions of sec. 125.115 distinguish this case from the only decision we have located recognizing a civil cause of action against a minor under similar facts. In *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150 (3d Cir. 1986), the United States Court of Appeals, applying Pennsylvania law, denied a defense motion for summary judgment on behalf of four underage college students who knowingly permitted their apartment to be used for an underage beer party. In an action by an injured third party, the *Fassett* court ruled that the defendants could be liable on the theory that they aided and abetted the violation of the state drinking laws prohibiting minors' consumption of alcohol and were therefore negligent per se.[3] In contrast, sec. 125.115 prohibits such an analysis in Wisconsin.

We conclude that extension of liability to cover Sager's conduct based upon common-law negligence would go beyond prior decisions of our Wisconsin Supreme Court. The court of appeals is primarily an error-correcting court, and the supreme court oversees statewide development of the law. *State v. Mosley,* 102 Wis. 2d 636, 665, 307 N.W.2d 200, 216–217 (1981).

*By the Court.*—The summary judgment as to Sager is affirmed and as to Kappell is reversed and cause remanded for further proceedings. Costs to plaintiffs-appellants.

---

[3]A minor who consumes alcohol violates the Pennsylvania crimes code. *Id.* at 1160. Anyone who aids the minor violates the Pennsylvania accomplice statute.